761 So.2d 1195 (2000)
Nasad AZAM, Safeeia Azam, Tom Bell, Hope Bell, Scott M. Dolbeare, Mary E. Ryan, Asif Islam, Rebecca Islam, Charles Katzker, Susan Katzker, Louis Lamm, Dara Lamm, Edward McCauley, Jeanette McCauley, And Arthur Shushan, Appellants,
v.
M/I SCHOTTENSTEIN HOMES, INC., a Florida corporation, Appellee.
No. 4D99-2898.
District Court of Appeal of Florida, Fourth District.
June 28, 2000.
S. Tracy Long of Gustafson & Roderman, Fort Lauderdale, for appellants.
Diran V. Seropian of Peterson, Bernard, Vandenberg, Zei, Geisler & Martin, West Palm Beach, for appellee.
POLEN, J.
Appellants, individual homeowners in the Brindlewood Subdivision ("Brindlewood") in Palm Beach County, appeal after the trial court dismissed their complaint against their developer, M/I Schottenstein Homes, Inc. ("Schottenstein"), with prejudice. They argue that they alleged sufficient facts to support a cause of action against Schottenstein. We agree and, thus, reverse.
Appellants sued Schottenstein under fraud in the inducement, recission, and negligence stemming from the sales of homes from December, 1995 to August, 1998. They alleged that, around 1989, Palm Beach County prepared a site plan to build a school on a parcel of land ("parcel") *1196 to be located approximately 500 feet from Brindlewood. This plan was at all times available to all parties for inspection or review. They also alleged Schottenstein knew of this plan, but falsely represented to them, for the purpose of inducing them to purchase a home in Brindlewood, that the parcel was a "natural preserve," and would be left permanently in that state. They further alleged that they purchased their homes in reliance upon Schottenstein's representation.
Schottenstein filed a motion to dismiss the complaint with prejudice. The court granted the motion on the basis of Pressman v. Wolf, 732 So.2d 356, 361 (Fla. 3d DCA), review denied, 744 So.2d 459 (Fla. 1999). This timely appeal followed.
The main issue on appeal is whether appellants alleged sufficient facts to support a cause of action for fraud in the inducement against Schottenstein. We believe they did. Specifically, they alleged that (1) Schottenstein made a misrepresentation of a material fact; (2) Schottenstein knew or should have known of the statement's falsity; (3) Schottenstein intended that the representation would induce appellants to rely and act on it; and (4) they suffered injury in justifiable reliance on the representation. See Hillcrest Pacific Corp. v. Yamamura, 727 So.2d 1053, 1055 (Fla. 4th DCA 1999)(stating the elements of a cause of action for fraud in the inducement). Accordingly, we hold that dismissal of their cause of action for fraud was improper.
In reaching this determination, we hold that Johnson v. Davis, 480 So.2d 625 (Fla.1985), does not apply to this case. Johnson held "that where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer." Johnson, 480 So.2d at 629. Johnson, however, involved the non-disclosure of a physical defect in the property sold. In contrast, this case involves the alleged fraudulent misrepresentation of facts concerning an off-property site that do not affect the physical condition of the properties sold. We, therefore, decline to extend Johnson to the nature of the claim alleged here.
Schottenstein, however, argues that dismissal was proper under Pressman. Pressman held that "[s]tatements concerning public records cannot form the basis for a claim of actionable fraud." 732 So.2d at 361. In reaching this decision, the court cited Nelson v. Wiggs, 699 So.2d 258 (Fla. 3d DCA 1997), which referred to the obligation of a buyer's "diligent attention" to matters contained in public records. Nelson suggested the test for whether the availability of adverse information in public records precludes a fraud claim is the reasonableness of the buyer's actions vis-a-vis the extent of investigatory effort that one would expend to discover such records.
We disagree with the broad prohibition in Pressman. Rather, whether a fraud claim may lie with respect to statements about matters outside the property being sold, the status of which matters can be determined from a public record, is a factual question. Thus, we believe that whether the buyer exercised ordinary diligence in discovering the falsity of such statements should be determined on a case-by-case basis, and not by some bright-line rule.[1] In making this determination, the trier should weigh such factors as the reasonableness of the reliance, whether the seller is a developer, and the nature of the public record. To the extent that this decision conflicts with Pressman, however, we note conflict.
We affirm the dismissal of the remaining counts.
*1197 AFFIRMED in part, REVERSED in part.
STONE, J., concurs.
GROSS, J., concurs specially with opinion.
GROSS, J., concurring specially.
I write only to note that I disagree with that broad language in Pressman v. Wolf, 732 So.2d 356, 361 (Fla. 3d DCA), rev. denied, 744 So.2d 459 (Fla.1999), that "[s]tatements concerning public record cannot form the basis for a claim of actionable fraud." (Citation omitted). Whether a fraudulent statement about a public record is actionable is a question of fact. The law should not expect every potential homeowner in every case to root around the bowels of the courthouse for those surveys, plats, and records which would verify or contradict a seller's representations about the property.
NOTES
[1] We wholly agree with Judge Gross' concurring opinion in this regard. See Besett v. Basnett, 389 So.2d 995, 998 (Fla.1980)(holding that "a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him").