777 So.2d 1044 (2001)
Eddie G. NEWBERN and Jane Newbern, as trustees of the Eddie G. Newbern and Jane Newbern Revocable Trust dated 9/24/97, Appellants,
v.
Samuel MANSBACH, et al., Appellees.
No. 1D00-205.
District Court of Appeal of Florida, First District.
January 5, 2001.
Rehearing Denied February 15, 2001.
T.A. Borowski, Jr., Pensacola; and Jeffrey T. Sauer, of Smith, Sauer & DeMaria, Pensacola, for Appellants.
Charles Wiggins, of Beggs & Lane, Pensacola, for Appellees Susan McGinnis and All Star Real Estate Services, Inc., d/b/a Coldwell Banker All Star Real Estate Services.
*1045 Alan R. Horky, of Fuller, Johnson & Farrell, P.A., Pensacola, for Appellees John M. Hunnicutt Insurance & Investments, Inc. and Ashley V. Hunnicutt.
PER CURIAM.
The Newberns appeal two summary judgment orders entered below, one in favor of appellees Susan McGinnis and Coldwell Banker All Star Real Estate Services (McGinnis/Coldwell Banker) and one order in favor of John M. Hunnicutt Insurance & Investments, Inc. and Ashley Hunnicutt (Hunnicutt). We reverse both orders.
The Newberns (appellants and plaintiffs below) purchased property in Destin, Florida, for $2 million. In the purchase, appellants' realtor was Diane Decker of Abbott Realty; the seller's agent was Susan McGinnis of Coldwell Banker; and the insurance agent was Ashley Hunnicutt of Hunnicutt Insurance. Appellants filed an amended complaint against various defendants with regard to the purchase, alleging counts of both fraudulent and negligent misrepresentation. With regard to McGinnis/Coldwell Banker, appellants alleged that they communicated to Decker their determination not to purchase the property in question if it was located in a Coastal Barrier Resource Area (CBRA)[1] and that McGinnis falsely informed Decker that the home was not located in such a zone, although McGinnis was then in possession of a document indicating otherwise. With regard to Hunnicutt, appellants alleged that Hunnicut understood that they would not close on the purchase unless they were fully insured, including federal flood insurance, and Hunnicutt falsely represented that they would be so insured. Before closing, Hunnicutt obtained information that the property was in a CBRA and was thus ineligible for federal coverage, but she failed to inform appellants. Appellants claimed that they relied on these representations to their detriment because they purchased the property and then discovered it is located within a CBRA and is not eligible for federal flood insurance. Appellees, in separate motions, moved for summary judgment, and the court granted both.
In granting summary judgment for McGinnis/Coldwell Banker, the lower court found that CBRA designations are land regulations that are part of public record. The court concluded that appellants, therefore, could have reasonably ascertained this information, and their claims of fraudulent and negligent misrepresentation were precluded as a matter of law. This conclusion was erroneous.
In Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334, 339 (Fla.1997), the court considered a question from the Eleventh Circuit Court of Appeals and held that a party who negligently transmits false information may be held liable if the recipient establishes a negligent misrepresentation claim in accordance with § 552, Restatement (Second) of Torts. The court specified, however, that the doctrine of comparative negligence applies to such an action. Id. The court made clear that the application of the latter doctrine distinguishes a negligent misrepresentation claim from a claim of fraudulent misrepresentation under the court's ruling in Besett v. Basnett, 389 So.2d 995 (Fla.1980), in which the court held that a recipient may rely on the truthfulness of a representation, even if the falsity could have been ascertained through investigation by the recipient, unless the recipient knows the representation to be false or its falsity is obvious. 696 So.2d at 336. A negligent "misrepresenter is liable only if the recipient of the information justifiably relied on the erroneous information." Id. at 337. The court stated that "a recipient of information will not have to investigate every piece of information furnished; a recipient *1046 will only be responsible for investigating information that a reasonable person in the position of the recipient would be expected to investigate." Id. at 339. The court determined that the question of a party's justifiable reliance is an issue of comparative negligence that should be resolved by a jury. Id. In so holding the court was fully aware that the negligent misrepresentation in question in Gilchrist concerned the zoning designation of the property. See Gilchrist, 696 So.2d at 339; see also Gilchrist Timber Co. v. ITT Rayonier, Inc., 127 F.3d 1390, 1398 (11th Cir. 1997) (upon Florida Supreme Court's answer to certified question, reversing and remanding for retrial solely on issue of comparative negligence). Accordingly, Gilchrist in no way suggests that a cause of action may be precluded as a matter of law based on the trial court's determination that a plaintiff reasonably could have discovered the information and/or that such information is part of public record.
In ruling that appellants' claims of negligent and fraudulent misrepresentation were precluded as a matter of law, the lower court in the instant case relied on Nelson v. Wiggs, 699 So.2d 258 (Fla. 3d DCA 1997), review denied, 705 So.2d 570 (Fla.1998), and Pressman v. Wolf, 732 So.2d 356 (Fla. 3d DCA), review denied, 744 So.2d 459 (Fla.1999). In Nelson, the purchasers argued at trial that under Johnson v. Davis, 480 So.2d 625 (Fla. 1985), the seller had failed her duty to disclose the seasonal flooding to which the property was subject. The Third District noted that although the then recently decided Gilchrist case involved negligent misrepresentation as opposed to no representation, both types of cases require a purchaser to take reasonable steps to ascertain material facts regarding the property. Nelson, 699 So.2d at 261. The court concluded that the seller had no duty to disclose because the regulations intended to protect homes in the county from seasonal flooding were a matter of public record. Id. In the instant case, appellees McGinnis/Coldwell Banker concede that CBRA designations are not easily understood by lay persons and that a prospective buyer may need help in interpreting the contents of public record. Nevertheless, appellees argue that the holding in Nelson refines Gilchrist and stands for the principle that land use regulations are per se reasonably ascertainable in a negligent misrepresentation action because they are public record. We reject this per se rule as a contradiction of the supreme court's holding in Gilchrist.
In Pressman, the property buyer sued the sellers on several grounds, including various claims of fraudulent misrepresentation, and received judgment and compensatory damages, but the Third District reversed. Pressman, 732 So.2d at 362. Pertinent to this case, the court addressed the buyer's claim that the sellers fraudulently induced her to buy the home by falsely telling her that the city planned to remove an "eyesore" building within the home's view. Relying on Nelson, the court held that "[s]tatements concerning public record cannot form the basis for a claim of actionable fraud." Id. at 361. Insofar as the trial court may have based its decision on Pressman to bar the negligent misrepresentation claim, Gilchrist is to the contrary, as we have previously stated. With regard to a claim of fraudulent misrepresentation, this holding in Pressman conflicts with the supreme court's holding in Besett v. Basnett, 389 So.2d 995, 998 (Fla. 1980), in which the supreme court expressly stated with regard to a fraudulent misrepresentation that "a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him."
For the foregoing reasons, we hold that the trial court erred in determining that appellants' claims of negligent and fraudulent misrepresentation are barred as a matter of law. The court also erred in determining that appellants did not rely *1047 on a representation by McGinnis to appellants that the property was not in a CBRA. Appellees concede that McGinnis made this representation to appellants' agent and concede that at the time McGinnis had a document stating that the property was located in a CBRA. The question of appellants' reliance remains a disputed issue of material fact. Accordingly, for the reasons discussed above, we reverse the trial court's grant of summary judgment to appellees McGinnis/Coldwell Banker. To the extent that our decision conflicts with Nelson and Pressman, we certify that conflict to the supreme court. See Azam v. M/I Schottenstein Homes, Inc., 761 So.2d 1195, 1196 (Fla. 4th DCA 2000) (certifying conflict with Pressman and agreeing with special concurrence, which stated that "[w]hether a fraudulent statement about a public record is actionable is a question of fact").
We also reverse the court's order of summary judgment entered in favor of appellees Hunnicutt. Contrary to the trial court's finding, whether Mrs. Newbern and Abbott Realty originally told Hunnicutt that the property was not a CBRA is not determinative of appellants' misrepresentation claim. Appellants alleged that Hunnicutt knew that appellants would not close unless they were fully insured at closing, including federal flood insurance coverage, and assured them that such coverage would be effective upon closing. Prior to closing, however, Hunnicutt first discovered conflicting information regarding the property's CBRA status and then obtained information that the property was located in a CBRA. Nevertheless, she never notified appellants of this information before closing, and at closing Hunnicutt did not provide the promised insurance. The question of Hunnicutt's negligence presents issues of material fact. See Warehouse Foods v. Corporate Risk Management Servs., 530 So.2d 422, 423 (Fla. 1st DCA 1988). In addition, to the extent the trial court found that appellants did not establish damages because they have not suffered flood damage and have not purchased private flood insurance, we reverse. Appellants presented evidence regarding the large price differential between federal and private flood insurance and their purchase of a house that they would not have bought had they known the property was located in a CBRA.
Both orders of summary judgment are reversed, and the cause is remanded for further proceedings consistent with this opinion.
ERVIN, MINER and KAHN, JJ., CONCUR.
NOTES
[1] Pursuant to the Coastal Barrier Improvement Act of 1990, Congress mandated the exclusion of CBRAs from the Federal Flood Insurance Program. See 16 U.S.C. §§ 3501, 3504.