791 So.2d 595 (2001)
CAMENA INVESTMENTS AND PROPERTY MANAGEMENT CORP., Appellant,
v.
Deborah Lynn CROSS, et al., Appellees.
Nos. 3D99-1747, 3D99-2369.
District Court of Appeal of Florida, Third District.
August 29, 2001.
*596 Roy D. Wasson; and Craig R. Dearr, Miami, for appellant.
Ginsberg & Schwartz, and Arnold Ginsberg, Miami; and Gary W. Pollack, for appellees.
Before LEVY, GREEN, and RAMIREZ, JJ.

ON MOTION FOR REHEARING
RAMIREZ, J.
We grant Camena Investments and Property Management Corp.'s motion for rehearing and substitute the following opinion for our prior opinion dated April 18, 2001:
Camena Investments sued its tenant Deborah Lynn Cross for rents due under a commercial lease, and Cross counterclaimed for fraud in the inducement and breach of contract. Camena Investments appeals the denial of a summary judgment motion and the denial of directed verdicts. We affirm the jury verdict and reverse the trial court's denial of Cross' motion to tax attorney's fees.
Cross entered into a lease with Camena Investments on August 31, 1994, with occupancy to begin on October 1 and rent payments to begin on December 1. Lee Popham, the leasing agent for Camena Investments, assured Cross that she could open her restaurant by October 1, but when Cross went to the building and zoning department with her plans, she was told she could not open a restaurant in the space she had leased because there would not be enough parking spaces. A restrictive covenant on the property made it necessary for Cross to obtain a variance if she wished to open a restaurant of the size originally planned for and discussed with Popham. Cross eventually opened the restaurant well after October 1, 1994.
When the restaurant started failing, Cross stopped paying rent and Camena Investments sued for eviction in county court. Cross alleged fraud in the inducement as an affirmative defense. By an agreed order, the county court granted the motion to strike Cross' answer and affirmative defenses and entered a final judgment after default in favor of Camena Investments. Camena Investments then brought in circuit court the suit against Cross that underlies this appeal.
We reject Camena Investments' argument that the county court judgment for eviction constitutes res judicata and bars Cross' counterclaim for damages. Section 83.21, Florida Statutes (1995), provides for actions for the removal of tenants by summary procedure as provided in section 51.011, Florida Statutes (1995). This statutory scheme allows the landlord to bring an action only for possession and authorizes the landlord to file a separate action for the unpaid rent. In fact, that is what Camena Investments did in this case.
The summary procedure statutes envision an expedited process to determine *597 the right to possession promptly without the necessity of deciding all other issues between the parties. See Premici v. United Growth Props., L.P., 648 So.2d 1241, 1243 (Fla. 5th DCA 1995) ("The statute is designed to remedy the problem of commercial tenants remaining on the premises for the duration of litigation without paying the landlord rent."). While the tenant may assert all equitable defenses in a landlord/tenant dispute, see Palm Corp. v. 183rd Street Theatre Corp., 344 So.2d 252, 253 (Fla. 3d DCA 1977), there is no obligation to do so in the summary procedure action. Just as the landlord does not have to assert all its claims in the action to remove the tenant, the tenant does not have to assert all its defenses. The tenant may await the landlord's action for damages to assert any monetary claims by way of affirmative defenses or counterclaims.
In this case, Cross voluntarily abandoned her defenses in the expedited summary procedure provided for eviction actions, and thus, there was never an adjudication on the merits of her counterclaims that would prevent her from asserting those defenses in Camena Investments' subsequent action to collect rent.
We likewise reject Camena Investments' argument that Cross' action is barred by the economic loss rule. See Moransais v. Heathman, 744 So.2d 973, 981 (Fla.1999)(declining to extend the economic loss rule to actions based on fraudulent inducement).
Finally, we reject Camena Investments' argument that Cross cannot claim she was defrauded because the restrictive covenant was a matter of public record. Camena Investments relies upon Pressman v. Wolf, 732 So.2d 356, 361 (Fla. 3d DCA 1999) for the proposition that "[s]tatements concerning public record cannot form the basis for a claim of actionable fraud." However, that holding was particularly suited to the facts of that case, and we decline to extend Pressman to a commercial lease dispute.
In Pressman, the buyer claimed she was fraudulently induced into purchasing a home because the sellers told her that repairs were not needed, that remodeling would cost less than it actually did, and that a building blocking the home's view was going to be torn down by the city. Id. at 357. Since "it is common knowledge that municipal plans change," this Court found it reasonable to require the buyer to check public records that were readily accessible, especially where the buyer had evidence that other allegations concerning the home were false and the purchase contract specified the home was being sold in "as is" condition. Id. at 361. Additionally, the Pressman court relied on Nelson v. Wiggs, 699 So.2d 258, 261 (Fla. 3d DCA 1997) where this Court found it reasonable to require a contractor who was pulling his own permits at the building department to also check whether the home he was purchasing was in a flood zone.
Both Pressman and Nelson required a buyer to take reasonable steps to "ascertain reasonably ascertainable facts." However, that is not the same as holding that a buyer can never claim fraud when the seller withholds information found in a public record. See Newbern v. Mansbach, 777 So.2d 1044 (Fla. 1st DCA 2001) citing Besett v. Basnett, 389 So.2d 995, 998 (Fla. 1980)(with regard to a fraudulent misrepresentation, "a recipient may rely on the truth of a representation, even if the falsity could have been ascertained through investigation by the recipient, unless the recipient knows the representation to be false or its falsity is obvious to the recipient").
*598 Furthermore, while a buyer might be expected to search the public records before a real estate closing and a contractor might also be expected to search the public records for flood zones prior to obtaining a building permit, these types of searches are not expected to be performed as standard procedure by a party entering into a commercial lease.
As to the trial court's denial of Cross' motion to tax attorney's fees, we reverse the denial of the award of fees, and remand for a rehearing on Cross' entitlement to an amount of attorney's fees. At the previous hearing to determine Cross' entitlement to an amount of attorney's fees, Cross presented an expert witness who testified that he had reviewed the fee agreement between Cross and her attorney, that Cross had agreed to pay her attorney $180.00 per hour which increased to $250.00 per hour at time of trial, and that he had reviewed the attorney's time sheets. Cross rested her case and Camena Investments moved to dismiss. The trial court granted Camena Investments' motion and denied the award of fees due to lack of evidence. Cross immediately moved to reopen her case or for a rehearing, but was denied.
"While the grant or denial of a motion for rehearing is a matter within the sound discretion of the trial court, it is never an arbitrary discretion." Sapphire Condo. Ass'n. v. Amerivend Corp., 691 So.2d 600, 601 (Fla. 4th DCA 1997). We fail to appreciate what was missing in Cross' presentation of evidence regarding the amount of attorney's fees owed by Cross. Even if the trial court was correct in denying the award of attorney's fees, the trial court abused its discretion in denying Cross' motion to reopen her case.
Therefore, we affirm in part, reverse in part, and remand.