VAN NORTWICK, J.
 

 Specialty Marine & Industrial Supplies, Inc., appeals a judgment notwithstanding the verdict entered in favor of Bahram Venus and other defendants, appellees and cross-appellants. This judgment overturned a jury verdict that had awarded Specialty Marine damages in its negligent misrepresentation action against ap-pellees based upon the trial court’s finding that Specialty Marine “failed to justify [its] reliance” on Venus’ representation. On appeal, Specialty Marine argues that the trial court erred in usurping the jury’s determination that it had justifiably relied on Venus’ negligent misrepresentation. In response, appellees assert that Specialty Marine failed to establish the elements of reliance and causation necessary to establish a negligent misrepresentation claim. After our review of the record, be
 
 *308
 
 cause competent and substantial evidence supports the jury’s verdict, we reverse the judgment under review and reinstate the verdict. We also reverse the denial of prejudgment interest.
 

 Bahram Venus and related Venus family trusts (jointly “Venus”) owned real property in Mayport, Florida. While Venus owned the property, a boundary-line dispute arose between Venus and a neighbor. The disputed area was a strip of land which measures approximately 176 x 18 feet at the northern portion of the property. Venus eventually sought to sell the property. Specialty Marine contacted Bahram Venus and expressed an interest in purchasing the property. At trial, the owner of Specialty Marine, James Michael Whalen, testified that, when he expressed an interest in the property, he was told by Bahram Venus that the property was 18 feet deeper than it actually was. Subsequently, Whalen was informed by an acquaintance of the boundary dispute between Venus and a neighbor. When Whalen questioned Venus as to the nature of the boundary dispute, Venus informed Whalen that the neighbor was “crazy,” that the problem was “not a big deal,” and that there was a survey supporting his position. At trial, Specialty Marine introduced evidence that, when it made a subsequent inquiry into this boundary dispute, Venus failed to correctly identify the 176 by 18 foot area of concern, and instead represented to Specialty Marine that the dispute involved a 6 to 8 foot strip of land. Further, according to Whalen, Venus never disclosed that a prior survey indicated that the property line at issue was not where Venus represented it to be.
 

 After entering into a contract to purchase the subject property, Specialty Marine employed Tri-State Land Surveyors, Inc., a land surveyor recommended and utilized by Specialty Marine’s lending institution, to conduct a survey and verify the boundary of the parcel. Whalen testified that he would not have entered into the contract to purchase the property, which led to Specialty Marine obtaining the Tri-State survey as a part of the closing, had Venus not first misrepresented the boundary of the property. Tri-State’s survey erroneously showed that the boundary lines were located as represented by Venus. Specialty Marine closed the purchase of the property for a purchase price of $450,000. It later learned, however, that the actual boundary line was only six inches from the northerly side of the structure on the subject property, making the property unsuitable for its intended use. Specialty Marine filed a four-count complaint which included two claims against Tri-State for negligence and breach of contract regarding the preparation of the survey, a negligent misrepresentation claim against Bahram Venus individually, and a negligent misrepresentation claim against Bahram Venus, Sheila Venus, the Bahman Venus living trust, and the Nahid Venus living trust. Prior to trial, Specialty Marine settled with Tri-State.
 

 At trial, the jury found that the Venus defendants engaged in negligent misrepresentation and returned a verdict in favor of Specialty Marine. The jury determined that the Venus defendants were the legal cause of 90% of Specialty Marine’s damages and found that Specialty Marine incurred $400,000 in total damages. Venus filed a motion for judgment notwithstanding the verdict,
 
 [1]
 
 arguing that Specialty
 
 *309
 
 Marine failed to prove both reliance and causation of damages. The trial court granted Venus’ motion, ruling that the cause of Specialty Marine’s damages was not negligent misrepresentation but rather breach of warranty, a cause of action not raised by Specialty Marine. Nevertheless, the trial court awarded Specialty Marine $35,000 in damages under this alternate theory of liability. The trial court denied Specialty Marine’s motion for prejudgment interest on the $35,000 breach of warranty award. This appeal follows.
 

 To state a cause of action for negligent misrepresentation, a plaintiff must show:
 

 (1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely and [sic] on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation.
 

 Simon v. Celebration Co.,
 
 883 So.2d 826, 832 (Fla. 5th DCA 2004);
 
 see Butler v. Yusem,
 
 44 So.3d 102, 105 (Fla.2010). In its judgment, the trial court explained its ruling, as follows:
 

 The Court finds that it is difficult to find that Venus was negligent. The Court finds that in a light most favorable to the plaintiff he could be found to be negligent for his failure to disclose the [conflict with the neighbor] to Whalen. The Court also finds that [Specialty Marine] failed to justify [its] reliance. [Specialty Marine] made no investigation regarding a disputed property line which had been brought to his attention by the seller[.]
 

 On appeal, Specialty Marine contends that it introduced competent substantial evidence showing that it relied on Venus’ negligent misrepresentations made prior to the closing of the purchase. Further, Specialty Marine argues that its reliance on Venus’ misrepresentation caused Specialty Marine to incur a loss by purchasing property which was unsuitable for Specialty Marine’s intended use. Venus argues in response that, because Specialty Marine relied on Tri-State’s negligently conducted survey, as a matter of law, Specialty Marine could not have relied on the misrepresentations in question. Venus further asserts that, as a result, even if he may have misrepresented the boundary line in dispute, Specialty Marine is precluded from recovery.
 

 The standard of review of a trial court’s ruling on a motion for judgment notwithstanding the verdict is
 
 de novo. Hancock v. Schorr,
 
 941 So.2d 409, 412 (Fla. 4th DCA 2006);
 
 McQueen v. Jersani,
 
 909 So.2d 491, 492-93 (Fla. 5th DCA 2005). The standard of review applicable to the review of a directed verdict also governs review of a judgment in accordance with a prior motion for directed verdict.
 
 See Premier Lab Supply, Inc. v. Chemplex Industries, Inc.,
 
 10 So.3d 202 (Fla. 4th DCA 2009). “[W]hen presented with a motion for directed verdict, a court must view all the evidence in a light most favorable to the non-movant, and in the face of evidence which is at odds or contradictory, all conflicts must be resolved in favor of the party against whom the motion has been made.”
 
 Jackson County Hosp. Corp. v. Aldrich,
 
 835 So.2d 318, 325-26 (Fla. 1st DCA 2002) (citing
 
 Ticor Title Guarantee Co. v. Harbin,
 
 674 So.2d 781, 782 (Fla. 1st
 
 *310
 
 DCA 1996)). A jury verdict must be sustained if it is supported by competent substantial evidence.
 
 See Richey v. Modular Designs, Inc.,
 
 879 So.2d 665, 667 (Fla. 1st DCA 2004).
 

 When granting the judgment here, the trial court relied heavily on
 
 Besett v. Basnett,
 
 389 So.2d 995, 997 (Fla.1980), in ruling that Whalen’s “failure to act because of his stated reliance on Venus is not sufficient to constitute justifiable reliance.” Because
 
 Besett
 
 involved a claim for fraudulent misrepresentation, not negligent misrepresentation, the trial court’s reliance on
 
 Besett
 
 was misplaced. Under Florida law, fraudulent misrepresentation and negligent misrepresentation involve different elements, especially with respect to justifiable reliance. There are four elements necessary to establish fraudulent misrepresentation: (1) a false statement concerning a material fact; (2) the representer’s knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation.
 
 Butler,
 
 44 So.3d at 105;
 
 Johnson v. Davis,
 
 480 So.2d 625, 627 (Fla.1985). Justifiable reliance is not a necessary element of fraudulent misrepresentation.
 
 Butler,
 
 44 So.3d at 105. Because justifiable reliance is not an element of fraudulent misrepresentation, “a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had [the recipient] made an investigation, unless [the recipient] knows the representation to be false or its falsity is obvious.”
 
 Gilchrist Timber Co. v. ITT Rayonier, Inc.,
 
 696 So.2d 334, 336 (Fla.1997) (quoting
 
 Besett v. Basnett,
 
 389 So.2d 995, 998 (Fla.1980)).
 

 In contrast, a claim for negligent misrepresentation under Florida law requires a showing that the recipient of the information justifiably relied on the erroneous information.
 
 Butler,
 
 44 So.3d at 105;
 
 Gilchrist Timber,
 
 696 So.2d at 337. Nevertheless, while “justifiable reliance on the misrepresentation is required as an element of the claim, justifiable reliance on a representation is not the same thing as failure to exercise due diligence.”
 
 Butler,
 
 44 So.3d at 105. Therefore, a misrepre-senter is precluded from arguing that the recipient of information did not justifiably rely because he or she failed to conduct an adequate independent investigation. Additionally, principles of comparative negligence apply to negligent misrepresentation claims.
 
 Gilchrist Timber,
 
 696 So.2d at 339.
 

 As set forth in the Restatement (Second) of Torts § 552 (1977), expressly adopted in
 
 Gilchrist Timber,
 
 696 So.2d at 339, liability for a negligent misrepresentation is dependent upon a finding that a party’s reliance on the misrepresentation was justifiable. Section 552(1) explains that
 

 [o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
 

 This liability is “limited to loss suffered ... through reliance upon [the false information] in a transaction the [supplier of false information] intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.”
 
 Id.
 
 at § 552(2)(b).
 

 We find that the competent, substantial evidence in the record, as discussed above, supports the jury’s finding
 
 *311
 
 that Specialty Marine justifiably relied on Venus’ negligent misrepresentations. Further, we cannot agree that, because Specialty Marine obtained a survey from Tri-State, as a matter of law there could be no justifiable reliance upon any negligent misrepresentation by Venus. We recognize that in other jurisdictions, where a buyer of property undertakes an independent investigation of the facts represented by the seller, as a matter of law, the buyer is not relying on the seller’s representation and cannot recover for either negligent misrepresentation or fraud.
 
 See, e.g., Bartlett v. Schmidt,
 
 33 S.W.3d 35, 38 (Tex.App.2000). Under Florida law, even though justifiable reliance is required, a recipient of information does not have to investigate every piece of information furnished, but instead is responsible for investigating that information which “a reasonable person in the position of the recipient would be expected to investigate.”
 
 Gilchrist Timber,
 
 696 So.2d at 339;
 
 see also Newbern v. Mansbach,
 
 777 So.2d 1044, 1045-46 (Fla. 1st DCA 2001). If a recipient of false information does undertake an investigation, the element of justifiable reliance does not fail as a matter of law.
 
 Stev-Mar, Inc. v. Matvejs,
 
 678 So.2d 834, 837 (Fla. 3d DCA 1996) (holding that, in an action for both fraudulent and negligent misrepresentation, where the buyer retained an attorney to verify the seller’s title representations and the attorney negligently failed to discover the title defects and seller’s false representations, seller could not avoid liability based on lack of justifiable reliance). Further, there is no requirement that Specialty Marine’s reliance on Venus’ misrepresentations be the sole or even the predominant cause of Specialty Marine’s decision to purchase the property “if his reliance is a substantial factor in determining the course of conduct that results in his loss.”
 
 Id.
 
 at 838. It is for the jury to determine whether reliance was justified under the totality of circumstances. Newb
 
 ern,
 
 777 So.2d at 1046.
 

 The jury here was presented with evidence of Venus’ misrepresentations and the erroneous survey prepared by TriState. The jury instructions have not been challenged on appeal, and the jury obviously found Whalen to be a credible witness. By finding that Venus’ misrepresentations were only 90% of the cause of Specialty Marine’s damages, the jury clearly applied principles of comparative negligence and considered the full range of causation evidence. Thus, the jury’s verdict reflects Specialty Marine’s reliance on both Tri-State’s survey and Venus’ negligent misrepresentations. Because we find that competent, substantial evidence in the record supports the jury’s verdict, the trial court abused its discretion in granting the judgment notwithstanding the verdict in favor of Venus. Therefore, we reverse the lower court’s judgment notwithstanding the verdict and reinstate the jury verdict for Specialty Marine.
 

 The trial court also ruled that Specialty Marine was not entitled to prejudgment interest on the $360,000 jury award after setting aside the jury verdict and granting a judgment notwithstanding the verdict. On appeal, Specialty Marine argues that, if the jury award is reinstated, then it is entitled to prejudgment interest on the amount of $360,000. “Prejudgment interest is generally not awarded in tort cases, because damages are generally too speculative to liquidate before final judgment.”
 
 Underhill Fancy Veal, Inc. v. Padot,
 
 677 So.2d 1378, 1380 (Fla. 1st DCA 1996) (citing
 
 Lumbermens Mut. Cas. Co. v. Percefull,
 
 653 So.2d 389 (Fla.1995)). In
 
 Bosem v. Musa Holdings, Inc.,
 
 46 So.3d 42 (Fla.2010), the Florida Supreme Court recently considered under what circumstances the award of prejudgment interest is appropriate in a tort case, holding that
 
 *312
 
 “[i]n all cases, either of tort or contract,
 
 where the loss is wholly pecuniary,
 
 and may be fixed as of a definite time, interest should be allowed as a matter of right, whether the loss is liquidated or unliqui-dated. ...”
 
 Id.
 
 at 46 (quoting William B. Hale,
 
 The Law of Damages,
 
 § 67 (2d ed. 1912) (emphasis theirs)). Because Specialty Marine’s negligent misrepresentation tort claim sought purely pecuniary damages and because the loss leading to these damages was fixed in time, prejudgment interest is awardable.
 
 Bosem.
 
 We, therefore, reverse the lower court’s ruling on this issue.
 

 The remaining issues raised on appeal and cross-appeal are rendered moot by our reversal of the judgment under review. Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.
 

 WEBSTER and DAVIS, JJ., concur.
 

 [1]
 

 . Although the term "motion for a judgment notwithstanding the verdict” is still employed, pursuant to the Florida Rules of Civil Procedure, a motion challenging a jury verdict is more properly styled a "motion for judgment in accordance with a prior motion for direct
 
 *309
 
 ed verdict.” Rule 1.480(b), Fla. R. Civ. P.;
 
 see Fire & Casualty Ins. Co. v. Sealey,
 
 810 So.2d 988, 991 (Fla. 1st DCA 2002). Appellees did move for a directed verdict.