IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ARLINGTON PEBBLE CREEK, LLC,

Appellant,

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D16-1347

CAMPUS EDGE CONDOMINIUM ASSOCIATION, INC., a Florida non-profit corporation,

Appellee.

_____/

ARLINGTON PROPERTIES, INC.,

Appellant,

v.

CASE NO. 1D16-1423

CAMPUS EDGE CONDOMINIUM ASSOCIATION, INC.,

Appellee.

_____/

Opinion filed November 6, 2017.

An appeal from the Circuit Court for Alachua County.
Toby S. Monaco, Judge.

Mark A. Boyle, Molly Chafe Brockmeyer, and Alexander L. Brockmeyer of Boyle & Leonard, P.A., Fort Myers, for Appellant Arlington Pebble Creek, LLC.

Hinda Klein and Brian Lee Ellison of Conroy Simberg, Hollywood; Jeffrey M. Paskert and Dara L. Dawson of Mills Paskert Divers, P.A., Tampa, for Appellant Arlington Properties, Inc.

Jefferson M. Braswell of Scruggs & Carmichael, P.A., Gainesville, for Appellee.

BILBREY, J.

Appellants, Arlington Properties, Inc., and Arlington Pebble Creek, LLC, appeal the final judgment in favor of Campus Edge Condominium Association, entered after denial of Appellants' motions for directed verdict and based upon the jury's verdict and award of damages. "A directed verdict is proper when the evidence and all inferences from the evidence, considered in the light most favorable to the non-moving party, support the movant's case as a matter of law and there is no evidence to rebut it." Wald v. Grainger, 64 So. 3d 1201, 1205 (Fla. 2011). An appellate court reviews an order on a motion for directed verdict de novo. Kopel v. Kopel, --- So. 3d ---, 42 Fla. L. Weekly S26, 2017 WL 372074 (Fla. Jan. 26, 2017); Christensen v. Bowen, 140 So. 3d 498 (Fla. 2014); Hoffmann-LaRoche Inc. v. Mason, 27 So. 3d 75 (Fla. 1st DCA 2009). Here, the evidence and inferences from the evidence do not establish proof of all the elements of

2

fraudulent misrepresentation or negligent misrepresentation, even when viewed in a light most favorable to the Association. Therefore, the final judgment is reversed and the trial court is directed to enter judgment in favor of the Appellants.

Arlington Properties, Inc., purchased an existing apartment complex in January 2006, for the purpose of converting the facilities to condominium ownership under chapter 718, Florida Statutes. Upon this purchase, Arlington Pebble Creek, LLC, was created to conduct the conversion, including creation and initial management of the Association. See § 718.111, Fla. Stat. In December 2008, Arlington Pebble Creek relinquished management and control of the Association to the unit owners. See § 718.301, Fla. Stat.

The original complaint was filed by the Association on January 6, 2012, after extensive water intrusion damage to common areas of the condominium property was discovered. Necessary repairs to the common areas required the Association to increase, and for some years double or more, the assessments upon its members in order to preserve the utility and value of both the common areas and the individual condominium units. The Association sought damages from both Arlington Properties and Arlington Pebble Creek, asserting that the developer and the managing company knew of the water intrusion problems but neglected to fully cure the situation, turned over to the Association responsibility for upkeep and repairs knowing that damage to the buildings was ongoing, and knew the

3

Association would incur substantial expense to preserve the integrity and safety of the common areas. Based on the factual allegations in its Fourth Amended Complaint, and after clarification by counsel and the trial court as the litigation progressed, the Association proceeded on causes of action for fraudulent misrepresentation and negligent misrepresentation.[1]

As the Florida Supreme Court has stated, a party seeking to establish fraudulent misrepresentation is required to prove the following elements:

> (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation.

Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010) (quoting Johnson v. Davis, 480 So. 2d 625, 627 (Fla. 1985)). To establish negligent misrepresentation, a party is required to prove: (1) a misrepresentation of material fact that the defendant believed to be true but which was in fact false; (2) that defendant should have

---

[1] The Association's count alleging a violation of section 718.616, Florida Statutes, based on allegations of Arlington Pebble Creek not fulfilling its statutory obligation of disclosure upon conversion of the apartment complex into a residential condominium had been dismissed by the time the case was tried. Counsel for the Association also clearly represented to the trial court, and in the Association's brief in this court, that the Association was not proceeding under a buyer's cause of action for fraudulent nondisclosure as provided in Johnson v. Davis, 480 So. 2d 625 (Fla. 1985), since the Association was not a buyer, the individual unit owners were. During the discussion of jury instructions and the parameters of closing arguments after the close of evidence, the trial court ruled that the Association was proceeding on "a fraudulent and negligent misrepresentation claim, not a fraudulent nondisclosure case." The Association did not object and does not challenge that ruling here.

4

known the representation was false; (3) the defendant intended to induce the plaintiff to rely on the misrepresentation; and (4) the plaintiff acted in justifiable reliance upon the misrepresentation, resulting in injury. See Specialty Marine & Industrial Supplies, Inc. v. Venus, 66 So. 3d 306, 309 (Fla. 1st DCA 2011).

The first elements of both causes of action require false statements of material fact. The Association admitted into evidence Arlington Properties' Facility Evaluation Report from December 2005. This report was prepared as required by section 718.616, Florida Statutes, when converting an apartment complex to a residential condominium. The report stated an estimated remaining useful life of the structures of 35 to 45 years and described the functional soundness of the structures as "Good (localized deterioration)." In addition, the Association presented Arlington Pebble Creek's budget for Association maintenance for 2008 (the year immediately prior to turnover of Association management), showing less than $10,000 expended for building repairs.

To prove the falsity of the Facility Evaluation Report and the maintenance budget, and to prove the defendants' knowledge of such falsity (for the fraudulent misrepresentation count) or that they should have known of the falsity (for the negligent misrepresentation count), the Association admitted into evidence a second engineering report, the Property Condition Assessment. Arlington Properties had obtained the Property Condition Assessment around the time of the

5

Facility Evaluation Report in December 2005 as it prepared to purchase the then apartment complex. The Property Condition Assessment was not filed with the State of Florida or otherwise published to third parties. It described moisture intrusion affecting the exterior balconies including columns, handrails, concrete decks, and balcony ceilings. The Property Condition Assessment included the engineers' estimate that at the time of that report water damage to the buildings required repairs to the "Structure/Building envelope" costing approximately $290,200.00. According to the Association, the falsity of the 2008 budget was that it gave no hint that costly repairs were needed immediately and that extraordinary Association assessments were required in order to preserve the common areas.

The jury therefore had evidence to support the first and second elements of the fraudulent and negligent misrepresentation causes of action. However, the Association failed to present any evidence to prove the third and fourth elements for both fraudulent and negligent misrepresentation.[2] No evidence of any intent of Arlington Properties or Arlington Pebble Creek to induce reliance by the

---

[2] Although there may have been misrepresentations made to individual unit owners which were intended to induce them into purchasing their units, the trial court correctly held that it was necessary for the Association to prove that the Appellants intended to induce reliance by the Association and that the Association was injured acting in reliance on the misrepresentation. The Association does not dispute this on appeal and in fact states in its answer brief, "[t]his case is about fraudulent misrepresentations made directly to the Association in Association meetings."

6

Association was presented. In addition, the Association failed to present any evidence that it actually relied on the statutory report or any pre-transfer Association budgets, and failed to present any evidence that the damages it sought resulted from its action or inaction attributed to any reliance.

The testimony of Dorothy Benson, a unit owner since 2007 and Association president at the time of trial, did not describe any action the board took at the time of transfer or thereafter in reliance on any statement by either defendant. She never testified that the transfer of Association control to the unit owners was contingent upon any representation by either defendant. No one representing the Association asserted that the transfer deviated from any provision of section 718.301, Florida Statutes. Likewise, upon transfer of the Association in December 2008, the first post-transfer property manager, Jeff Sausaman, testified that he prepared the budgets for the Association for 2009 and years thereafter based on his experience and with some knowledge of the Association's budget for 2008. But Mr. Sausaman had not seen Arlington Properties' 2005 statutory property condition report, and thus could not have relied on it, until after the litigation was commenced in 2012.

The lack of evidence of either defendants' intent to induce reliance and the failure to show any actual reliance by the Association via any action or change in the Association's position was argued extensively in the defendants' motions for

directed verdict at the conclusion of the Association's presentation of evidence. The issue of failure of proof was thus preserved for appellate review. The trial court specifically inquired of counsel what the Association would have done differently had the Association known of the water intrusion problems earlier in time. Other than preparing post-transfer budgets with higher projections for repair expenses, charging unit owners with higher assessments earlier, and perhaps undertaking repairs sooner, there was simply no evidence that the costs of repairs eventually incurred was a consequence of any reliance by the Association upon any false statement made to the Association, either fraudulently or negligently, by either of the defendants.[3]

Because the record on appeal fails to contain proof of the third and fourth elements of both fraudulent misrepresentation and negligent misrepresentation, the jury's verdict, and the final judgment based thereon, are not supported by evidence in the record. Accordingly, the final judgment is REVERSED with directions for entry of judgment in favor of Appellants.

LEWIS and ROBERTS, JJ., CONCUR.

---

[3] There was no evidence that the Association suffered additional damages by any delay in repairs. Additionally, although the extent of reliance necessary to prove fraudulent misrepresentation and negligent misrepresentation differ, here there was no proof of any reliance to satisfy either cause of action. See Specialty Marine, 66 So. 3d at 310-11. Contrary to one of the Association's arguments, the existence of a fraudulent statement does not in itself establish reliance on that statement — to so hold would eliminate the third and fourth elements of the cause of action required by Butler.