[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15685
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-00459-JSM-PRL

JEAN ANN WRIGHT,

Plaintiff - Appellant,

versus

HOWMEDICA OSTEONICS CORP.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 5, 2018)

Before WILSON, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Appellant Jean Ann Wright appeals the district court's dismissals of her Second Amended Complaint (SAC) and Third Amended Complaint (TAC). Because the district court did not err, we affirm.

I.

This products liability case began when Wright, through counsel, filed her original complaint (OC) in Florida state court. She sued Stryker for alleged negligent manufacturing of an insert used in her hip replacement surgery. After removal to federal court, she filed her First Amended Complaint (FAC), changing the defendant to Howmedica and making other corrections. Howmedica moved to dismiss the FAC under Fed. R. Civ. P. 8 and 12(b)(6), noting that the "barebones" complaint "fail[ed] to allege any facts whatsoever" in support of Wright's claim. The district court agreed, and dismissed the FAC without prejudice, noting:

> Wright has merely alleged that [Howmedica] manufactured the acetabular insert, that the insert was used in a partial hip replacement she received, and that she suffered pain, swelling and other symptoms as a result. Wright has not identified the alleged defect or the unreasonably dangerous nature of the product.

Wright then filed the SAC that is the subject of this appeal.

The SAC, from what we can tell,[1] had six counts: (1) "Negligent Manufacture;" (2) "Strict Liability in the Manufacture;" (3) "Negligent

---

[1] At least three pages appear to be missing from the SAC, as noted by the district court. *See* Doc. 20 at 9–10 (page numbers at the bottom skip from "9 of 4" to "12 of 4"); Doc. 26 at 3 n.3 (district court's order noting same).

2

Labeling of Product;" (4) "Strict Liability in the Labeling;" (5) "Negligent Recall Proceedures [sic];" and (6) "Strict Liability in the Recall Proceedures [sic]." Count 6 had only one paragraph: "Plaintiff adopts and re-alleges paragraphs 1 through 9."

Howmedica again moved to dismiss, and the district court again agreed. The district court described the SAC as "sloppy and careless," and noted that Wright "had the audacity to file the same response to both of [Howmedica]'s motions to dismiss," causing her second filing to be non-responsive in many respects. On the merits, the district court found, as to the manufacturing counts (Counts 1 and 2), that Wright did not allege "what is defective about the Insert or how that defect caused [her] injuries." As to the labeling counts (Counts 3 and 4), it found that "the SAC never alleges that an incorrectly sized Insert was implanted into [her]," and that it "fails to allege why the labeling was inadequate." And, finally, as to the recall counts (Counts 5 and 6), it found that Florida law recognizes neither strict liability nor negligence causes of action based on recall procedures.

Wright then filed the TAC, which was reduced to three counts. After Howmedica moved to dismiss again, the district court finally dismissed the TAC with prejudice.

3

II.

First, we dispose of Wright's appeal with respect to the TAC. She makes no argument in her opening brief regarding the TAC. Therefore, she has abandoned her appeal in that respect. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

III.

We turn next to the SAC.[2] We review an order granting a motion to dismiss for failure to state a claim de novo. *Boyle v. City of Pell City*, 866 F.3d 1280, 1286 (11th Cir. 2017). We accept the allegations in the complaint as true, and construe them in the light most favorable to the plaintiff. *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347 (11th Cir. 2016). To survive a motion to dismiss, the complaint must have pled "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007), meaning that the court could draw the "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). We do not require detailed factual allegations, but a complaint must make more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* And "naked

---

[2] Howmedica argues that Wright has waived appellate review of the SAC's dismissal because she filed a TAC on the same grounds. We decline to consider this argument, as a review of the SAC dismissal order reveals that the district court did not err in any event.

assertions," without "further factual enhancement," or "formulaic recitation[s] of the elements of a cause of action" are not enough to survive a motion to dismiss. *Id.*

To survive a motion to dismiss on a manufacturing defect claim, one must allege that the product was defective. *See West v. Caterpillar Tractor Co., Inc.*, 336 So. 2d 80, 87 (Fla. 1976) ("[T]he user must establish . . . the defect and unreasonably dangerous condition of the product.").

Here, none of the statements in the SAC allege in what way the product was defective. We disregard conclusory statements such as those asserting that the product "was defective" or was "unsafe." The fact that Wright experienced pain after her surgery could perhaps speak to causation, but does not inform us how the product was allegedly defective.[3] And the fact that the product was recalled does not inform us of the defect or unreasonably dangerous condition of the product.

Similarly, to plausibly allege a failure to warn (styled "improper labeling" in the SAC), Wright must have asserted that the insert was, in fact, improperly labeled and that "the inadequacy of the warning [label] proximately

---

[3] Nor does the allegation that Wright experienced symptoms "associated with a defective or incorrect sized" insert (emphasis added). Wright's attempt on appeal to use this assertion to save the SAC is fruitless. The alternative phrasing simply leads us back to the fact that this is a conclusory allegation that the insert was "defective."

caused [her] injury." *See Hoffmann-La Roche Inc. v. Mason*, 27 So. 3d 75, 77 (Fla. 1st DCA 2009) (per curiam).

The closest Wright comes to asserting this in the SAC—aside from wholly conclusory statements—is her allegation that "there was a potential for interpretation of the product labeling which may lead to an incorrect implant being used" and that the insert implanted in her "may have been the incorrect size" due to the defective label. This is insufficient to survive a motion to dismiss, as it does not allege (1) how the label was defective; or (2) that or how this purported deficiency proximately caused an incorrectly sized insert to be implanted into her (presumably causing her alleged injuries).

Finally, we arrive at the recall counts. Wright made no allegations in the strict liability recall count, so it cannot survive a motion to dismiss. And Wright's opening brief fails to address the district court's conclusion that Florida law does not recognize a separate "negligent recall" cause of action, so she has abandoned any argument to the contrary.

**AFFIRMED.**