# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2231
Lower Tribunal No. 22-5357

_____

**Cameron Jenkins,**
Appellant,

vs.

**Euclid, L.C.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Cameron Jenkins, P.A., and Cameron Jenkins, for appellant.

Armstrong Teasdale LLP, and Glen H. Waldman and Marlos J. Weiss, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

PER CURIAM.

Appellant Cameron Jenkins, a former tenant of appellee, Euclid, L.C., appeals the trial court's final judgment of eviction, entered at the conclusion of a bench trial.[1]  Jenkins raises numerous claims on appeal, but we find none are meritorious.  Upon our review, the trial court's final judgment is supported by competent substantial evidence, and Jenkins has failed to demonstrate any reversible error by the trial court.  Verneret v. Foreclosure Advisors, LLC, 45 So. 3d 889, 891 (Fla. 3d DCA 2010) ("Findings of fact by a trial judge in a nonjury proceeding will not be set aside on review unless totally unsupported by competent and substantial evidence.") (citing Laufer v. Norma Fashions, Inc., 418 So. 2d 437, 439 (Fla. 3d DCA 1982)).

Affirmed.

---

[1] Initially, Jenkins filed a multi-count complaint against Euclid in circuit court, and Euclid filed a single-count eviction action in county court.  Jenkins moved to transfer Euclid's county court action to circuit court, and to consolidate the two suits, a request which was granted. The trial court subsequently severed the eviction count from the remainder of the action, thereby allowing it to proceed more expeditiously, see § 51.011, Fla. Stat. (2022) (Summary Procedure) and  § 83.59(2), Fla. Stat. (2022) (Right of Action for Possession); Camena Invs. & Prop. Mgmt. Corp. v. Cross, 791 So. 2d 595, 596-597 (Fla. 3d DCA 2001) ("The summary procedure statutes envision an expedited process to determine the right to possession promptly without the necessity of deciding all other issues between the parties"), and we find no abuse of discretion in the trial court's action. Jenkins' claims remained pending in the trial court at the time he filed the notice of appeal in the instant cause.