539 So.2d 1141 (1989)
Anthony NICHOLSON, Appellant,
v.
John G. ARIKO, Jr., Appellee.
No. 88-1002.
District Court of Appeal of Florida, Fifth District.
January 26, 1989.
Rehearing Denied March 23, 1989.
*1142 Ralph C. Losey, of Subin, Shams, Rosenbluth & Moran, P.A., Orlando, for appellant.
Jacqueline R. Griffin, of Boroughs, Grimm, Bennett & Griffin, Orlando, for appellee.
SHARP, Chief Judge.
Nicholson appeals from a final declaratory judgment in which the trial court interpreted an exceedingly complicated provision in a 1982 partnership agreement more favorably to Ariko (appellee) than to himself. Pursuant to that agreement (the Florida North Agreement), the trial court ruled that Nicholson's share of the sale proceeds of the properties owned by the partnership must be offset by all refinancing monies previously received by Nicholson on the properties.[1] We reverse.
We find that the trial court's interpretation of the Florida North Agreement clause is a plausible one, and that it is supported by the evidence adduced at trial. Were we to affirm on this basis, we would only question why Nicholson was not given credit for some $118,750 which he was required to put back into the project because of deficits, after receipt of the refinancing proceeds.
However, we do not reach these issues because we find no basis in the record to support the trial court's finding that a 1985 agreement entered into between Nicholson and Ariko by which they agreed to share the profits and deficits equally (the "fifty-fifty" agreement), should be rescinded. Ariko claimed that he should be relieved from this agreement because of fraud or material misrepresentations by Nicholson. The essence of the claimed misrepresentation was that Ariko did not have a copy of the Florida North Agreement, and that Nicholson told him under its distribution formula, Nicholson would receive two-thirds of the sale proceeds and Ariko one-third.
We think such a representation is not a proper basis for a fraud or misrepresentation remedy. A person's interpretation of a complex formula in a document is not a misrepresentation of fact. Rather it is essentially a legal conclusion, which is capable of being interpreted in different ways, as this lawsuit vividly illustrates. See, generally, Innkeepers International, Inc. v. McCoy Motels Ltd., 324 So.2d 676 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 106 (Fla. 1976) (meaning of an agreement is a question of law to be determined by the court). This is not the kind of wool from which the yarn of fraud is spun. Further, we find no basis in this record to explain why Ariko, an experienced business man, did not insist on a copy of the Florida North Agreement and read it for himself. His reliance on Nicholson's interpretation was not shown to be reasonable or justified, as required to prove fraud. Saunders Leasing System, Inc. v. Gulf Central Distribution Center, Inc., 513 So.2d 1303 (Fla. 2d DCA 1987), rev. denied, 520 So.2d 584 (Fla. 1988); Uvanile v. Denoff, 495 So.2d 1177 (Fla. 4th DCA 1986); Davanzo v. Miami National Bank, 301 So.2d 797 (Fla. 3d DCA 1974), cert. denied, 315 So.2d 185 (Fla. 1975).
Accordingly, we reverse the judgment, which was based on the Florida North Agreement, and we remand for entry of judgment based on the 1985, or fifty-fifty agreement.
REVERSED; REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Subsequently, numerous offers were received to purchase the property. Ultimately, Nicholson came to believe the Florida North Agreement was ambiguous as to the distribution of proceeds due to a complicated formula and uncertainty as to the legal effect of this formula. Basically, section 8.7 of the Florida North Agreement provides that Delaware Properties receives one-half the net sales or refinancing proceeds from the sale of the properties, and the other one-half is divided between Nicholson and Newcastle pursuant to the stated formula.