PER CURIAM.
 

 Butler seeks review of
 
 Yusem v. Butler,
 
 966 So.2d 405 (Fla. 4th DCA 2007),
 
 [1]
 
 arguing that the Fourth District Court of Appeal erred in holding that (1) his claims for fraudulent inducement, negligent misrepresentation, breach of contract, and breach of fiduciary duty were barred by a failure to show justifiable reliance; and (2) he was not entitled to prejudgment interest on attorneys’ fees. We agree.
 

 The trial court found that Butler could not recover on his claims of fraud, negligence, breach of contract, and breach of fiduciary duty due to his failure to show due diligence.
 
 Yusem,
 
 966 So.2d at 412. On appeal, the Fourth District agreed with Butler by noting that a lack of due diligence could not bar his recovery because the defendants failed to plead this affirmative defense.
 
 Id.
 
 But the Fourth District then concluded that the trial court “misapplied the term ‘due diligence’ to express its conclusion that Butler did not justifiably rely on representations made by the Appellants” and, on that basis, affirmed that Butler could not recover.
 
 Id.
 

 Although a lack of due diligence could not bar Butler’s claims, the Fourth District erred by recharacterizing the trial court’s ruling as a lack of justifiable reliance.
 
 [2]
 
 We remand for the Fourth District to address whether it may apply justifiable reliance under the tipsy coachman doctrine to affirm the trial court.
 
 [3]
 
 On remand, if the Fourth District concludes that it may rely on the tipsy coachman doctrine, the Fourth District must address Butler’s claims individually to determine whether justifiable reliance applies to each claim. In its decision under review, the Fourth District lumped Butler’s claims for fraudulent inducement, negligent misrepresentation, breach of contract, and breach of fiduciary duty together and then applied the justifiable reliance requirement to all his claims.
 

 In addition, the Fourth District should have awarded Butler interest on some of his fees.
 
 See generally Argonaut Ins. Co. v. May Plumbing Co.,
 
 474 So.2d 212, 214 (Fla.1985). Prejudgment interest begins to accrue on “the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination.”
 
 Quality Eng’d Installation, Inc. v. Higley S. Inc.,
 
 670 So.2d 929, 930-31 (Fla.1996). Yet the result of the Fourth District’s ruling is that even fees incurred as damages are not subject to prejudgment interest.
 
 See Yusem,
 
 966 So.2d at 414. While some of Butler’s fees do not warrant prejudgment interest because his entitlement does not arise until he becomes a prevailing party,
 
 [4]
 
 section 8
 
 *1187
 
 of the Guarantee and Indemnification Agreement between Butler and Yusem allows for recovery of fees incurred on behalf of the partnership and no such “prevailing party” provision applies.
 
 [5]
 
 Thus, the Fourth District erred by not awarding prejudgment interest on the fees Butler incurred in the FDIC litigation,
 
 [6]
 
 because those fees were fixed when paid and Butler’s recovery was not contingent on his status as a prevailing party.
 

 Accordingly, we quash the Fourth District’s decision in
 
 Yusem
 
 to the extent it is inconsistent with this opinion and remand for further proceedings.
 

 It is so ordered.
 

 QUINCE, C.J., and WELLS, PARIENTE, LEWIS, CANADY, POLSTON, and LABARGA, JJ., concur.
 

 [1]
 

 . Because the underlying facts of this case are laid out in great detail in
 
 Yusem,
 
 we do not repeat them here. We have conflict jurisdiction.
 
 See
 
 art. V, § 3(b)(3), Fla. Const.
 

 [2]
 

 . From our review of the record, it is clear that the trial court applied the defense of due diligence, not lack of justifiable reliance. Indeed, its order repeatedly used the term "due diligence.”
 

 [3]
 

 .
 
 See, e.g., Robertson v. State,
 
 829 So.2d 901, 906 (Fla.2002) ("[T]he 'tipsy coachman’ doctrine allows an appellate court to affirm a trial court that 'reaches the right result, but for the wrong reasons' so long as 'there is any basis which would support the judgment in the record.' " (quoting
 
 Dade County Sch. Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644-45 (Fla.1999))).
 

 [4]
 

 .Section 11.4 of the Limited Partnership Agreement states that Butler may only recover attorneys' fees if he is the prevailing party in "any matter.” The prevailing party clause also bars recovery under section 13 of the Guarantee and Indemnification Agreement.
 
 See Yusem,
 
 966 So.2d at 408.
 

 [5]
 

 . Specifically, section 8 provides:
 

 In addition to his other obligations under the Guaranty, Guarantor also hereby agrees to indemnify, defend, protect and hold [Butler] harmless from and against (a) any and all liability, loss, claims of third parties,
 
 costs,
 
 damage and expense (including reasonable attorneys' fees) that [Butler] may incur or sustain as a result of or in connection with the actions of HY/Inc. as General Partner under the Limited Partnership Agreement or otherwise under the Contracts or in connection with the Partnership, and (b) any loss of any benefit that would have inured to the benefit of [Butler] had Guarantor been a party to any of the Contracts in place of HY/Inc.
 

 [6]
 

 . In that suit, Butler paid $1.72 million to settle a claim with the FDIC and incurred substantial fees on behalf of the partnership.
 
 Yusem,
 
 966 So.2d at 409-10.