ON REMAND FROM SUPREME COURT OF FLORIDA
 

 PER CURIAM.
 

 This case returns to us with the Florida Supreme Court’s mandate to consider whether from the record we may affirm the trial court as to the issue of justifiable reliance on the grounds that the court was “right for the wrong reason.”
 
 [1]
 
 We are further directed to reverse the trial court for failing to award prejudgment interest for the recovery of attorney’s fees incurred in the FDIC litigation, under section 8 of the Guarantee and Indemnification Agreement.
 

 As we discussed in our original opinion, the trial court found that Butler’s lack of due diligence prevented his recovery on certain claims.
 
 [2]
 
 We have been directed to review these claims to determine if the evidence was sufficient to support the element of justifiable reliance instead of the unpleaded defense of due diligence and thereby affirm the trial court under the Tipsy Coachman rule. We have done so.
 

 The trial court applied the unpleaded defense of due diligence to defeat Butler’s fraud in the inducement and negligent misrepresentation claims. Reviewing the trial court’s factual findings, it becomes clear that the trial court’s reference to due diligence actually translated to Butler’s failure to establish the element of justifiable reliance. We therefore affirm the trial court’s decision that Butler did not prevail on these claims.
 

 In its discussion of the breach of contract claim, the trial court mentions that “Butler did not act with due diligence in making sure there was compliance with the LPA.” However, the trial court ultimately entered judgment in favor of Butler and against all defendants on this claim. We affirm.
 

 The trial court also noted Butler’s failure to exercise due diligence in its discussion of the breach of fiduciary duty claim. Nevertheless, the trial court entered a judgment in favor of Butler on this claim. We affirm.
 

 We reverse the judgment to the extent it denied Butler’s claim for prejudgment interest on attorney’s fees incurred in the FDIC litigation under section 8. of the Guarantee and Indemnification Agreement. We remand the case to the trial court for proceedings to address the prejudgment interest issue.
 

 Reversed in part and Remanded.
 

 FARMER, MAY and DAMOORGIAN, JJ., concur.
 

 [1]
 

 .
 
 See Dade County Sch. Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644-45 (Fla.1999).
 

 [2]
 

 . Our original opinion addressed the due diligence argument as to four of Butler’s claims: fraud in the inducement, negligent misrepresentation, breach of fiduciary duty, and breach of contract. Upon closer review of the final judgment, it is clear that the trial court applied the due diligence defense to defeat only the first two of Butler's claims.