PER CURIAM.
 

 Robert T. Butler seeks review of the decision of the Fourth District Court of Appeal in
 
 Yusem v. Butler (Butler III),
 
 10 So.3d 1159 (Fla. 4th DCA 2009), on the ground that it expressly and directly conflicts with our decision in
 
 Butler v. Yusem (Butler II),
 
 3 So.3d 1185 (Fla.2009), and our decision in
 
 Robertson v. State,
 
 829 So.2d 901 (Fla.2002), regarding the proper application of the tipsy coachman doctrine. We also conclude that the decision of the Fourth District, which holds that failure to establish justifiable reliance is a bar to recovery based on fraudulent misrepresentation, conflicts with the opinions of this Court in
 
 Johnson v. Davis,
 
 480 So.2d 625 (Fla.1985), and
 
 Besett v. Basnett,
 
 389 So.2d 995 (Fla.1980). We have jurisdiction.
 
 See
 
 art. V, § 3(b)(3), Fla. Const.
 

 The issue we decide is whether the trial court reversibly erred when it denied relief to Butler on his claims for fraudulent misrepresentation and negligent misrepresentation based on Butler’s lack of due diligence — a defense not pled or tried by consent. The underlying action is part of a twenty-year saga of litigation and numerous lawsuits that arose from a business partnership between Robert Butler, the petitioner in this case, and Henry Yusem (Yusem), Brian Yusem, Andrew Carlton, and H.Y. Wyncreek, Inc., and involved an agreement to construct a commercial retail and office building (the Wyncreek project). In the litigation before us, Butler filed a multicount complaint against the respondents, asserting that the Wyncreek project was not being completed or leased as required by the partnership agreement. The case proceeded to a bench trial, and the trial court granted relief to Butler on some of his claims and denied relief on others.
 

 Directly relevant to the issue that is before us, the trial court denied relief on Butler’s claims of fraudulent misrepresentation and negligent misrepresentation based on Butler’s failure to exercise due diligence:
 

 That lack of due diligence included putting various protective provisions in the [Limited Partnership Agreement], but failing to follow up on them. Butler’s lack of experience in development is outweighed by the fact that he is a sophisticated businessman and an experienced lawyer, who was represented by New York counsel. Furthermore, Butler sought legal advice and financial advice at various times including, but not limited to, when he was going to embark on this new investment venture.
 

 Before signing any Wyncreek documents, Butler had a conversation with an officer of the First American Bank. The purpose of the conversation was to verify the “excellent” reputation of the defendants in construction and commercial development. However, Butler did not ask the right questions and there
 
 *104
 
 fore did not obtain information that was available to him from the Bank.
 

 Neither side was satisfied with the trial court’s final judgment; Yusem appealed to the Fourth District, and Butler cross-appealed.
 
 Yusem v. Butler (Butler I),
 
 966 So.2d 405, 412 (Fla. 4th DCA 2007),
 
 quashed,
 
 3 So.3d 1185 (Fla.2009). We discuss only one aspect of
 
 Butler I:
 
 the trial court’s application of due diligence to defeat several of Butler’s claims for relief.
 

 The Fourth District stated that the trial court erroneously applied the doctrine of due diligence to defeat Butler’s claims of fraud and negligent misrepresentation, because due diligence was not pled as an affirmative defense and thus Yusem waived the argument.
 
 Id.
 
 However, the Fourth District affirmed the trial court’s decision to enter judgment on those claims against Butler because “a close reading of the trial transcript reveal[ed] that the trial court
 
 misapplied
 
 the term ‘due diligence’ to express its conclusion that Butler did not justifiably rely on representations made by the Appellants.”
 
 Id.
 
 (emphasis added). According to the Fourth District, the trial court properly denied Butler’s claims because Butler did not establish justifiable reliance.
 
 Id.
 

 In
 
 Butler II,
 
 this Court quashed that portion of
 
 Butler I
 
 addressing justifiable reliance.
 
 [1]
 
 We held:.
 

 [T]he Fourth District erred by recharac-terizing the trial court’s ruling as a lack of justifiable reliance. We remand for the Fourth District to
 
 address whether it may apply justifiable reliance under the tipsy coachman doctrine
 
 to affirm the trial court. On remand, if the Fourth District concludes that it may rely on the tipsy coachman doctrine, the Fourth District
 
 must address Butler’s claims individually to determine whether justifiable reliance applies to each claim.
 
 In its decision under review, the Fourth District lumped Butler’s claims for fraudulent inducement, negligent misrepresentation, breach of contract, and breach of fiduciary duty together and then applied the justifiable reliance requirement to all his claims.
 

 3 So.3d at 1186 (emphasis added) (footnotes omitted).
 

 After remand, the Fourth District did not order additional briefing but issued an opinion, summarily stating that it had applied the tipsy coachman doctrine as directed.
 
 Butler III,
 
 10 So.3d at 1160. The Fourth District then affirmed the tidal court as to the counts of fraudulent misrepresentation and negligent misrepresentation, concluding that after “[rjeviewing the trial court’s factual findings, it becomes clear that the trial court’s reference to due diligence
 
 actually translated
 
 to Butler’s failure to establish the element of justifiable reliance.”
 
 Id.
 
 (emphasis added).
 
 [2]
 

 Upon review of the Fourth District’s opinion on remand, we conclude that
 
 Butler III
 
 suffers from the same problem as
 
 Butler I
 
 and does not comply with our mandate in
 
 Butler II,
 
 which instructed the
 
 *105
 
 Fourth District to address each claim individually to determine if justifiable reliance applies. It also fails to properly apply the tipsy coachman principle of
 
 Robertson.
 
 In addition, in holding that the trial court’s specific findings regarding lack of due diligence “translated” into lack of justifiable reliance as a basis for denying relief, the Fourth District departed from this Court’s precedent as to the necessary elements and proper defenses to claims for fraudulent misrepresentation.
 

 Under the tipsy coachman doctrine, where the trial court “reaches the right result, but for the wrong reasons,” an appellate court can affirm the decision only if “there is any theory or principle of law
 
 in the record
 
 which would support the ruling.”
 
 Robertson,
 
 829 So.2d at 906 (emphasis added) (quoting
 
 Dade Cnty. Sch. Bd. v. Radio Station WQBA,
 
 731 So.2d 688, 644 (Fla.1999)). As we stressed, the key to this doctrine is whether the record before the trial court can support the alternative principle of law. Here, the Fourth District did not address the claims individually, as directed, and summarily concluded that the same findings for a lack of due diligence would equally support the findings of justifiable reliance, without ever reviewing whether justifiable reliance was a necessary element of fraudulent misrepresentation or negligent misrepresentation.
 
 See Butler III,
 
 10 So.3d at 1160.
 

 These conclusions were in error. Justifiable reliance is not a necessary element of fraudulent misrepresentation. As we have stated, there are four elements of fraudulent misrepresentation: “(1) a false statement concerning a material fact; (2) the representor’s knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in
 
 reliance
 
 on the representation.”
 
 Johnson,
 
 480 So.2d at 627 (emphasis added). This is consistent with our prior opinion in
 
 Besett,
 
 389 So.2d at 998, holding that in an action involving fraudulent misrepresentation, the buyers did not need to allege that they had investigated the truth of the misrepresentations because for this claim, “a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him.” As we have explained, “the policy behind our holding in
 
 Besett
 
 is to prohibit one who purposely uses false information to induce another into a transaction from profiting from such wrongdoing.”
 
 Gilchrist Timber Co. v. ITT Rayonier, Inc.,
 
 696 So.2d 334, 336-37 (Fla.1997).
 

 The same reasoning does not apply, however, when a party transmits false information but is not aware of the falsehood, giving rise to a negligent misrepresentation claim.
 
 See Gilchrist,
 
 696 So.2d at 337. As to negligent misrepresentation claims, although justifiable reliance on the misrepresentation is required as an element of the claim, justifiable reliance on a representation is not the same thing as failure to exercise due diligence. One does not necessarily translate into the other. In fact, in
 
 Gilchrist,
 
 the Court held that principles of comparative negligence would apply to negligent misrepresentation claims.
 
 Id.
 
 at 339. The Court recognized that while a recipient of information will not have to investigate every piece of information furnished, he or she is responsible for “investigating information that a reasonable person in the position of the recipient would be expected to investigate.”
 
 Id.
 
 Thus, a recipient of an erroneous representation cannot “hide behind the unintentional negligence of the misrepre-senter when the recipient is likewise negligent in failing to discover the error.”
 
 Id.
 

 
 *106
 
 In turning to this case, the trial court did not make its findings based on the reasonable person standard, but instead found that Butler did not exercise due diligence because he was a sophisticated businessman and an experienced lawyer and although he undertook an investigation to verify the facts and the reputation of the defendants, he did not ask the “right questions” and thus did not obtain information that was available if he had questioned the bank officer more thoroughly. Based on this record, the findings made by the trial court do not show that Butler failed to establish all of the elements of his claims. Further, since failure to exercise due diligence was not raised as an affirmative defense, the trial court erred in denying relief on this basis.
 

 As to the proper relief, Butler urges that we should remand with directions for the trial court to enter judgment on the claims for fraudulent misrepresentation and negligent misrepresentation. However, because the trial court denied relief based on lack of due diligence, it is not at all clear whether the trial court found that Butler had established the elements of those claims. Accordingly, we quash the Fourth District’s decision and remand this case to the district court with instructions that it be returned to the trial court for further proceedings consistent with this opinion, including that the trial court reconsider whether Butler is entitled to relief based on his claims for fraudulent misrepresentation and negligent misrepresentation.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
 

 POLSTON, J., concurs in result.
 

 [1]
 

 . This Court also reversed the Fourth District’s failure to award prejudgment interest on certain attorney’s fees claimed as part of the damages.
 

 [2]
 

 . The Fourth District stated that although originally the court had addressed the due diligence argument as to four of Butler’s claims (fraud in the inducement, negligent misrepresentation, breach of fiduciary duty, and breach of contract), upon closer review of the final judgment, the trial court applied the due diligence defense to defeat only fraud in the inducement and negligent misrepresentation.
 
 Butler III,
 
 10 So.3d at 1160 n. 2. Thus, the district court did not apply the tipsy coachman doctrine to the remaining two claims (breach of fiduciary duty and breach of contract), and those claims are not before us.