**Latonia WASHINGTON, Plaintiff,**

v.

**LaSALLE BANK NATIONAL ASSOCIATION, et al., Defendants.**

**Case No. 10–60008–CIV.**

United States District Court, S.D. Florida.

Oct. 7, 2011.

Michael F. Kashtan, Daniels Kashtan Downs Robertson & Magathan, Coral Gables, FL, Richard Jay Burton, Burton Firm, Miami, FL, for Plaintiff.

Justin Hekkanen, Nathaniel Dwight Callahan, William Patrick Heller, Akerman Senterfitt & Eidson, Fort Lauderdale, FL, for Defendants.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

PATRICIA A. SEITZ, District Judge.

This matter is before the Court on Defendants[1] LaSalle Bank National Association (LaSalle), Mortgage Electronic Registration System, Inc. (MERS), Home Loan Services, Inc. (HLS), and First Franklin Financial Corp.'s (First Franklin) Motion for Summary Final Judgment [DE–47]. Plaintiff's seven count complaint alleges claims against all Defendants for: (1) declaratory judgment; (2) fraudulent misrep-

resentation; (3) quiet title; (4) cancellation of mortgage; (5) violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA); (6) violation of the Real Estate Settlement Procedures Act (RESPA); and (7) violation of the Truth in Lending Act (TILA). These claims arise out of Plaintiff's March 2007 closing on her home. Plaintiff filed her complaint after foreclosure proceedings were initiated against her. Because there are no genuine issues of material fact and Plaintiff cannot support her claims, the motion for summary judgment is granted.

### I. Material Facts

On March 28, 2007, Plaintiff executed a $332,500 promissory note and mortgage in favor of First Franklin. The mortgage encumbers property located at 300 NE 36 Street, Oakland Park, Florida (the Property). The note required Plaintiff to make monthly payments of $2,455.89, which were due on the first of every month. Plaintiff failed to make her mortgage payment due on June 1, 2008 and has not made any payments since then. (Pl. Dep.[2] 27:13–17.) As a result, on October 28, 2008, LaSalle, as assignee of First Franklin, filed a foreclosure complaint against Plaintiff in Broward County Circuit Court. (DE–54–1.) Thereafter, Plaintiff filed this action on December 21, 2009 and LaSalle stayed the foreclosure action pending the outcome of this matter.

Prior to the closing Plaintiff did a walk-through of the Property and noted numerous unfinished items at the Property. (Pl. Dep. 73:15–74:5.). At the time Plaintiff

---

1. It appears that Defendant Bran Castle Mortgage, Inc. was never served in this action. Consequently, when the Court uses the term "Defendants" it is referring to LaSalle, MERS, HLS, and First Franklin, only.

2. Pl. Dep. refers to the deposition of the Plaintiff which is filed at DE–46–6 through DE–46–7.

spoke with Jack D'Elia, a real estate agent with whom Plaintiff was working, and he spoke with Titans of South Florida, the developer of the Property. (*Id.* at 74:12–76:4; 77:8–12.) On closing day, Plaintiff again did a walk-through of the Property and noted that many of the unfinished items remained. (*Id.* at 69:4–71:25.) On closing day, Plaintiff did not discuss the construction problems with First Franklin or HLS, First Franklin's loan servicer. (*Id.* at 72:4–14; 77:13–24.) Plaintiff notified HLS of the problems with the house in April, after the closing. (*Id.* at 78:4–12.)

At the March 28, 2007 closing, Plaintiff did not read the documents she signed. (*Id.* at 109:6–25.) For the first time, at the closing, Plaintiff learned that the terms of her loan were different than she expected and that her monthly payment would be more than $2500 per month. (*Id.* at 112:13–113:10.) This was more than the $1600 per month Plaintiff expected to pay. (*Id.* at 112:13–16.) Plaintiff did not talk to anyone at the closing about this change other than D'Elia. (*Id.* at 113:21–24.) In response, D'Elia told Plaintiff that if she did not close that day, the market would change and she would not be able to get another mortgage for another 10 or 15 years. (*Id.* at 116:16–20.) According to Plaintiff, D'Elia and the mortgage broker made it seem like the increased monthly payments were Plaintiff's only option. (*Id.* at 119:8–25.) Despite the changed month-ly payments, Plaintiff went through with the closing. (Compl., ¶ 18.) As part of the closing a TILA disclosure statement was executed. (DE–52 at 32.) Plaintiff, however, asserts that the signature on the disclosure statement is a forgery of her signature.

Plaintiff's complaint alleges that she entered into the note and mortgage in reliance on factual misrepresentations made by Defendants. However, according to the complaint, the misrepresentations relied upon by Plaintiff were made by D'Elia, the developers of the property, and her mortgage broker.[3] (Compl., ¶¶ 10–12, 16, 18.) At her deposition, Plaintiff was unable to recall any factual misrepresentations made by any of the Defendants. (Pl. Dep. 247:10–25; 255:15–256:6.) Defendants now move for summary judgment on all counts.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.,* 240 F.3d 982, 991 (11th Cir.2001). Once the moving party demonstrates the absence of a genuine

---

**3.** More specifically, Plaintiff alleges the following misrepresentations in the complaint: (1) that D'Elia steered Plaintiff towards this particular home by telling her that there were major issues with the other homes that she had looked at and by assuring her that the developer would take care of her; (2) that D'Elia and the developer told her that all the other homes in the development were already sold, which was not true, and pressured her into purchasing this home by repeatedly call-ing her at work and at home, which overwhelmed and intimidated her; (3) that the mortgage broker assured Plaintiff that she could refinance to bring down her monthly payment within two years; (4) that D'Elia and the developer assured Plaintiff that it was normal not to have the Certificate of Occupancy at the closing; and (5) that at the closing her loan contained different terms than she had been told before the closing.

issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (*quoting* Fed.R.Civ.P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997) (*quoting Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed.R.Civ.P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990).

## III. Analysis

### A. Defendants Are Entitled to Summary Judgment on the Fraud Claim and the Related Claims

■ Plaintiff's complaint alleges a claim for fraudulent misrepresentation, Count 2, and based on that alleged fraud Plaintiff also alleges claims for declaratory relief, Count 1, to quiet title, Count 3, and to cancel the mortgage, Count 4. However, Defendants did not make any representations to Plaintiff prior to the closing. Thus, Plaintiff's fraud claim and all of the derivative claims must fail.

■ In order to state a claim for fraudulent misrepresentation, a plaintiff must show: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem*, 44 So.3d 102, 105 (Fla.2010) (quoting *Johnson v. Davis*, 480 So.2d 625, 627 (Fla.1985)). Plaintiff has not shown that any of the Defendants made a false statement concerning a material fact. While Plaintiff has shown that some persons other than Defendants may have made false statements, she has not established that any of the Defendants did so. Thus, Plaintiff cannot establish the first element of her fraudulent misrepresentation claim. Furthermore, Plaintiff's claims for declaratory relief as to the validity of the mortgage, to quiet title, and to cancel the mortgage all are based on the alleged fraud and, thus, Plaintiff cannot establish her right to the relief sought in these additional claims.[4]

In response, Plaintiff argues that fraud claims are generally not appropriately decided on summary judgment. However, where, as here, there are no issues of material fact because Plaintiff has not presented any evidence of false statements

---

4. In her response to the motion for summary judgment, Plaintiff states that the declaratory relief, quiet title, and cancellation of mortgage claims are "potential remedies." *See* DE–55 at 9. Thus, Plaintiff implicitly recognizes that these claims are based on other claims.

made by any of the Defendants, summary judgment is appropriate. Accordingly, Defendants are entitled to summary judgment on these claims.

### B. Defendants Are Entitled to Summary Judgment on Plaintiff's FDUTPA Claim

■ Plaintiff's FDUTPA claim alleges that Defendants violated the statute by charging excessive fees at closing. Specifically, Plaintiff alleges that the excessive fees were a $3,325 Loan Origination Fee to Bran Castle Mortgage,[5] a $400 Processing Fee to Bran Castle Mortgage, a $3,325 Broker Fee to Bran Castle Mortgage, an $899 "Lender Admin Fee" to First Franklin, a $323.26 advance payment for interest to an unknown party, and a $10,500 commission to Century 21 Hansen Downtown Realty. Plaintiff alleges that charging these fees constitutes an unconscionable act or practice under FDUTPA. First, the $899 Lender Admin Fee is the only fee charged by one of the Defendants and, thus, is the only relevant fee for purposes of this motion. Because the Lender Admin Fee was charged by First Franklin, there is no basis for a FDUTPA claim against Defendants MERS, HLS, and LaSalle. Second, Plaintiff testified that she did not know of any improper charges by Defendants. Thus, Plaintiff's FDUTPA claim fails as to First Franklin.

■ In order to state a claim under FDUTPA a consumer must establish: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006). Under FDUTPA, a deceptive practice is one that is likely to mislead consumers and an unfair practice is one

that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. *Id.* Plaintiff has not shown any evidence that First Franklin committed a deceptive act by charging the $899 Lender Admin Fee. The Fee was disclosed on the settlement statement that Plaintiff saw at the closing and Plaintiff has not alleged or otherwise shown that she was misled by the fee. Further, Plaintiff has presented no evidence that charging the fee, after its disclosure, is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, much less excessive. While Plaintiff argues that the fee was deceptive because of the timing of its disclosure and the pressure applied to close on the home, Plaintiff has not established how the timing made the fee deceptive or shown any evidence of pressure actually applied by the Defendants prior to closing. Thus, Plaintiff has failed to meet her burden of setting out facts that establish that charging the Lender Admin Fee was deceptive or unfair. Consequently, Defendants are entitled to summary judgment on Plaintiff's FDUTPA claim.

### C. Plaintiff's TILA Claim is Time Barred

■ Defendants move for summary judgment on Plaintiff's TILA claim because it is barred by the applicable statute of limitations. Claims for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The violation occurs when the transaction is consummated. *In re Smith*, 737 F.2d 1549, 1552 (11th Cir.1984). Plaintiff's closing took place on March 28, 2007. Plaintiff filed her complaint on December 21, 2009,

---

5. Bran Castle Mortgage was Plaintiff's mortgage broker.

more than 2½ years after her transaction was consummated. Thus, Plaintiff's TILA claim is time barred.

■ Plaintiff argues that her claim is subject to equitable tolling because of Defendants' fraudulent concealment. However, in order to assert equitable tolling, the burden is on Plaintiff to show affirmative actions by the Defendants constituting concealment and that she exercised reasonable diligence to discover her cause of action within the limitations period. *See Hill v. Texaco, Inc.,* 825 F.2d 333, 335 (11th Cir.1987). Plaintiff has done neither. Simply making unsupported conclusions that she is entitled to equitable tolling due to Defendants' fraudulent concealment is insufficient to meet her burden. Furthermore, Plaintiff has not made any allegations or established any facts that show that she acted diligently to discover her cause of action. In order to defeat a motion for summary judgment, a Plaintiff must demonstrate the existence of specific facts demonstrating a genuine issue for trial. Plaintiff has not demonstrated the existence of any facts supporting a defense of equitable tolling. Consequently, Plaintiff is not entitled to equitable tolling and her TILA claim is time barred.

### D. Plaintiff's RESPA Claim is Time Barred

■ Defendants also assert that Plaintiff's RESPA claim is barred by the applicable statute of limitations. Plaintiff brings her RESPA claim under § 2607. *See* Compl. at ¶ 52. Any action brought under § 2607 of RESPA must be brought within one year of the date of the occurrence of the violation. 12 U.S.C. § 2614. Plaintiff's closing took place on March 28, 2007 and Plaintiff filed suit on December 21, 2009. Plaintiff again argues that the statute of limitations should be equitably tolled. However, as set out above, Plaintiff has failed to meet her burden of establishing the facts necessary for equitable tolling. Thus, Defendants are entitled to summary judgment on Plaintiff's RESPA claim.

Accordingly, it is hereby

ORDERED that:

1. Defendants LaSalle Bank National Association, Mortgage Electronic Registration System, Inc., and First Franklin Financial Corp.'s Motion for Summary Final Judgment [DE–47] is GRANTED. The Court will enter a separate judgment.

2. All pending motions not otherwise ruled upon are DENIED as moot.

3. This case is CLOSED.