**TRINIDAD AND TOBAGO UNIT TRUST CORPORATION, Plaintiff,**

v.

**CB RICHARD ELLIS, INC. and Kent S. Kerr, Defendants.**

No. 11–20022–CIV.

United States District Court, S.D. Florida, Miami Division.

Feb. 28, 2012.

Aisha E.R. Henry, Eric L. Lewis, Joseph L. Ruby, Lewis Baach, PLLC, Washington, DC, Edward H. Davis, Jr., Edward Maurice Mullins, Astigarraga Davis Mullins & Grossman, Miami, FL, for Plaintiff.

Leonor Maria Lagomasino, Thomas Meeks, Carlton Fields, Robert Joseph Alwine, II, Robert Joseph Alwine, P.A., Miami, FL, Hardy L. Roberts, III, Jon Taylor Gatto, Carlton Fields, P.A., Tampa, FL, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

JOSE E. MARTINEZ, District Judge.

THIS CAUSE came before the Court upon Defendants' Motions to Dismiss (**D.E. Nos. 51 and 52**). The Court has carefully considered the motions and the objections that Plaintiff's opposition presents. For the reasons stated below, this Court grants in part and denies in part Defendants' motions to dismiss.

### I. Facts

Trinidad and Tobago Unit Trust Corp. ("Plaintiff") filed this cause of action against CB Richard Ellis, Inc. and Kent S. Kerr ("Defendants") alleging that it suffered losses because it relied upon an appraisal, created by Defendants, in entering into a loan agreement with a third party, Turks Development Limited Partnership ("TDLP"). (D.E. No. 36, ¶¶ 1146–148). The loan was made pursuant to a development project on the island of Dellis Cay ("the project") and relied on the property as collateral. (D.E. No. 36, ¶ 29). The net amount of the loan equaled $72 million dollars. *Id.* at ¶ 30. Defendants were retained by TDLP to prepare an appraisal for the project. *Id.* at ¶ 40. Plaintiff's Amended Complaint states that Defendants prepared an initial Valuation Report, dated May 2007, and later incorporated updates to such report for October 2007 and November 2007. (D.E. No. 36, ¶¶ 82–90, 105–144). Plaintiff alleges that such reports contain misrepresentations of the methods of evaluation as well as the value of the assessed property, and that Defendants were aware of its client's intention to use those reports and updates to attract potential investors. (D.E. No. 36, ¶ 45). Plaintiff's Amended Complaint does not allege a contractual relationship between itself and Defendants, but states that it relied on a copy of the Defendants' Valuation Report which was provided to Plaintiff by a third party involved in the transaction, Bear Stearns. (D.E. No. 36, ¶ 145).

### II. Motion to Dismiss Standard

When deciding a motion to dismiss, the court is limited to the four corners of the complaint and must accept all well-pleaded allegations as true, drawing all inferences in favor of the non-moving party. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Epps v. Watson,* 492 F.3d 1240, 1242 (11th Cir.2007). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). If the court determines that "there are well-pleaded factual allegations, [the] court should ... determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A motion to dismiss should only be granted "when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Coventry First, LLC v. McCarty,* 605 F.3d 865, 869 (11th Cir. 2010).

A court's review is limited to the four corners of the complaint and any documents

referred to therein that are central to the claims at issue. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir.2009); *see also Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir.2007). However, district courts "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005). Where there is a conflict between allegations in a pleading and the central documents, it is "well settled" that the contents of the documents control. *Griffin*, 496 F.3d at 1206 (quoting *Simmons v. Peavy–Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir.1940)).

### III. Analysis

Plaintiff alleges four counts against Defendants: (1) negligent misrepresentation, (2) professional negligence, (3) gross negligence, and (4) fraudulent misrepresentation. (D.E. No. 36). Both parties have presented their arguments according to Florida's tort law and this Court, therefore, assumes that both parties are in agreement that the laws of Florida are applicable to the case at hand. Accordingly, it is necessary for this Court to apply the tort standards adopted by the State of Florida.

### 1. Negligent Misrepresentation, Professional Negligence and Gross Negligence

Traditionally, a cause of action based on negligence comprises four elements:

(1) A duty, or obligation, recognized by the law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks. (2) A failure on the [defendant's] part to conform to the standard required: a breach of the duty (3) A reasonably close causal connection between the conduct and the resulting injury. This is what is commonly known as "legal cause," or "proximate cause," and which includes the notion of cause in fact. (4) Actual loss or damage.

*Clay Elec. Coop., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla.2003). Florida law requires that the plaintiff prove all four elements to prevail in a negligence claim. *See Lewis v. City of St. Petersburg*, 98 F.Supp.2d 1344, 1348 (M.D.Fla.2000); *Meyers v. City of Jacksonville*, 754 So.2d 198, 202 (Fla. 1st DCA 2000); *Paterson v. Deeb*, 472 So.2d 1210, 1214 (Fla. 1st DCA 1985). For the reasons set forth below, this Court finds that Plaintiff has not sufficiently pleaded facts that establish that a duty was owed to the Plaintiff.

As stated in Plaintiff's First Amended Complaint, it received the valuation reports not from the Defendants, but from a third party, Bear Stearns. (D.E. No. 36, ¶ 145). Because there was no privity alleged between the Plaintiff and Defendants, this Court must determine if Plaintiff satisfies an alternative theory of duty under Florida law. In *First Fla. Bank, N.A. v. Max Mitchell & Co.*, the Florida Supreme Court adopted Section 552 of the Second Restatement of Torts in analyzing an accountant's liability to a third party for negligence. 558 So.2d 9, 14 (Fla.1990). Under Florida Law, section 552(1) has been extended to an appraiser's potential liability to a third party for negligence and negligent misrepresentation. *See First State Sav. Bank v. Albright & Assoc. of Ocala, Inc.*, 561 So.2d 1326, 1328 (Fla. 5th DCA 1990) *rev'd on other grounds*, 602 So.2d 1273 (Fla.1992). Section 552(1) provides:

[O]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused by their justifiable reliance on the information on the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Accordingly, the Plaintiff's reliance upon the report must be justifiable to sustain a negligence claim. *See* Restatement (Second) of Torts § 552(1). In determining whether the Plaintiff justifiably relied on the reports that were created by the Defendants, it is imperative to look at the language within the Valuation Report that was provided to the

Plaintiff. *See Gilchrist Timber Co. v. ITT Rayonier, Inc.,* 696 So.2d 334, 336–37 (Fla. 1997) (holding that according to Section 552(1), a misrepresenter is liable only if the recipient of the information justifiably relied on the erroneous information); *see also Specialty Marine & Indus. Supplies, Inc. v. Venus,* 66 So.3d 306, 310 (1st DCA 2011) (finding that justifiable reliance on the misrepresentation is required as an element of a negligent misrepresentation claim under Florida Law.).

Both the Plaintiff and Defendants have provided this Court with a copy of the Valuation Report. (D.E. Nos. 51–2; 52–1; 59–1). Defendants' copy of the report was accompanied by an additional 11 pages, including pictures of the property and an Addenda section with an Assumptions and Liability Limiting Clause. Plaintiff's Valuation Report did not include the Assumptions and Liability Limiting Clause, but nevertheless, both parties' reports included the following language:

> The information in this report has been obtained from sources believed reliable. While we do not doubt its accuracy, we have not verified it and make no guarantee, warranty, or representation about it. It is your responsibility to independently confirm its accuracy and completeness. Any projections, opinions, assumptions or estimates used are for example only and do not represent the current or future performance of the market/property.

(D.E. Nos. 51–2; 52–1; 59–1). Furthermore, all of the parties' submitted Valuation Reports also contain Section 1.10 that states that the intended use of the valuation is exclusive to TDLP's use.

The Florida Supreme Court has held that "while a recipient of information will not have to investigate every piece of information furnished, he or she is responsible for 'investigating information that a reasonable person in the position of the recipient would be expected to investigate.'" *Butler v. Yusem,* 44 So.3d 102, 105 (Fla.2010). Thus, a recipient of an erroneous representation cannot hide behind a third party's representation when the recipient is negligent in failing to discover the error. *Id.* In the matter at hand, the Plaintiff is a financial institution and therefore considered a sophisticated party. Florida Courts have found that when a defrauded party is sophisticated, the lack of justifiable reliance is especially compelling. *See Nourachi v. First Am. Title Ins. Co.,* 44 So.3d 602, 617 (Fla. 5th DCA 2010); *see also Wasser v. Sasoni,* 652 So.2d 411, 413 (Fla. 3d DCA 1995) (finding a sophisticated party was not justified in relying on fact available to party through reasonable diligence); *Nicholson v. Ariko,* 539 So.2d 1141, 1142 (Fla. 5th DCA 1989) (concluding that a party may not rely upon interpretation of legal document to support claim for fraud); *Lawyers Title Ins. Corp. v. D.S.C. of Newark Enters.,* 544 So.2d 1070, 1072 (Fla. 4th DCA 1989) (finding a title insurer has legal duty to make thorough and competent search). Furthermore, in this situation, Plaintiff was notified by the disclaimer on the front of the Valuation Report that the figures were not verified and should not be relied upon. In *Mergens v. Dreyfoos,* the Eleventh Circuit found that when a report provided to induce a sale contained an explicit disclaimer stating that the findings were based on information provided by a third party, and the party relying on the report did not independently verify such information, and assumed such information to be accurate, such reliance on the misrepresentations was unjustifiable as a matter of law. *Mergens v. Dreyfoos,* 166 F.3d 1114, 1118–19 (11th Cir.1999).

██ Plaintiff alleges that this disclaimer should not be imputed to the updates to the Valuation Report because the disclaimer language does not appear on the updates. (D.E. No. 59, p. 8). However, both of the updates that Plaintiff alleges it relied on specifically state that they are a "prepared updated value to the original valuation submitted on May 22, 2007." (D.E. No. 51–5; D.E. No. 51–6). Accordingly, this court finds that because the updates specifically refer to the Valuation Report and explicitly limit their scope to an update to such report, that the documents should be construed together. "When two or more documents are executed by the same parties at or near the same time, in the course of the same transaction, and concern the same subject matter, they will be

read and construed together." *Courtesy Auto Grp., Inc. v. Garcia,* 778 So.2d 1000, 1002 (Fla. 5th DCA 2000) (finding that where a writing expressly refers to and describes another document, the other document is to be interpreted as part of the writing); *see also Collins v. Citrus Nat'l Bank,* 641 So.2d 458 (Fla. 5th DCA 1994); *Citicorp Real Estate, Inc. v. Ameripalms 6B GP, Inc.,* 633 So.2d 47 (Fla. 3d DCA 1994); *KRC Enterprises, Inc. v. Soderquist,* 553 So.2d 760 (Fla. 2d DCA 1989).

Plaintiff contends that this principle should not be applied to this matter because it is exclusive to contract interpretation, and this matter involves a report, not a contract. This Court finds no reason or case law that supports this argument. Though this principle is primarily used in interpreting contracts, the language clearly uses the terms "documents" and "writing," and does not impose the restriction that this principle is exclusive to contract interpretation. Furthermore, it is common in business practice to incorporate updates into an original report, especially when updates specifically allude to the original report, as they do in this case.

For the reasons stated above, this Court finds that the Plaintiff could not reasonably rely on the Valuation Reports and updates that were supplied to them by Bear Stearns, and, as such, Defendant did not owe a duty to Plaintiff. Accordingly, because Plaintiff fails to meet the first element in its counts for negligent misrepresentation, professional negligence, and gross negligence, these counts must be dismissed.

### 2. Fraudulent Misrepresentation

■ Florida law requires four elements to establish a claim of fraudulent misrepresentation: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem,* 44 So.3d 102, 105 (Fla.2010).

■ In this case, the Plaintiffs have alleged that the Defendants provided false information in the Valuation Report (D.E. No. 36, ¶ 54). In *Butler,* the Florida Supreme Court held that in "an action involving fraudulent misrepresentation, the buyers did not need to allege that they investigated the truth of the misrepresentations because for this claim, 'a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity obvious to him.' " *Id.* (quoting *Besett v. Basnett,* 389 So.2d 995, 998 (Fla.1980)). "The policy behind our holding (in *Besett* ) is to prohibit one who purposely uses false information to induce another into a transaction from profiting from such wrong doing." *Butler,* 44 So.3d at 105. Thus, the first element is sufficiently pleaded.

The second element, the representor's knowledge that the representation is false, is satisfied by Plaintiff's allegations that Defendants had intentionally changed valuation amounts knowing that the data did not support the appraisal amount (D.E. No. 36, ¶ 165). Plaintiff's allegations that one of the Defendants, Mr. Kerr, admitted to knowing that the purpose of the Valuation Report was to induce investors satisfies the third element, an intention that the representation induce another to act on it. (D.E. No. 36, ¶ 44). Lastly, the injury requirement is met by Plaintiff's allegations that it has experienced financial loss in an amount of $72 million because of its reliance on the Valuation Reports, in deciding to finance the Dellis Cay project. (D.E. No. 36, ¶ 148). Accordingly, this Court finds that the Plaintiff has pleaded sufficient facts to support its claim for fraudulent misrepresentation, and Defendants' Motion to dismiss count four is denied. After careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendants' Motions to Dismiss Plaintiff's First Amended Complaint are **GRANTED in part** and **DENIED in part.** Plaintiff's Counts (1) Negligent Misrepresentation, (2) Professional Negligence, (3) Gross Negligence are **DISMISSED** because they fail to state a claim upon which relief can be granted.

2. Defendants' Motions to Dismiss Plaintiff's Count (4) of the First Amended Complaint for fraudulent misrepresentation are **DENIED.** Defendants must file a response to the remaining count in the First Amended Complaint on or before *March 5, 2012.*