Margaret LAMB et al., Plaintiffs,

v.

GRACO CHILDREN'S PRODUCTS
INC. et al., Defendants.

No. 4:11cv477–RH/WCS.

United States District Court,
N.D. Florida,
Tallahassee Division.

May 7, 2013.

Catherine H. McElveen, Richardson Patrick Westbrook & Brickman LLC, Thomas Christopher Tuck, Richardson Patrick Westbrook etc., Mount Pleasant, SC, Raymond Douglas Gentile, Douthit Frets Rouse etc. LLC, Leawood, KS, William H. Garvin, III, Garvin Law Firm PA, Tallahassee, FL, for Plaintiffs.

Heidi Kern Oertle, Schiff Hardin LLP, Chicago, IL, for Defendants.

### ORDER DENYING CLASS CERTIFICATION AND GRANTING SUMMARY JUDGMENT FOR THE DEFENDANTS

ROBERT L. HINKLE, District Judge.

The plaintiffs assert that the defendants defrauded them into buying a brand of child car seat that failed compliance tests and did not comply with federal safety standards. The plaintiffs seek to represent a class of Florida residents who bought the same product. The plaintiffs assert only economic injury; they do not allege that the car seats caused any bodily injury. Now pending are the plaintiffs' motion to certify the class and the defendants' motion for summary judgment.

This order grants the summary-judgment motion on two grounds. First, the defendants did not willfully misrepresent or fail to disclose material facts. Second, even if the defendants failed to disclose material facts as the plaintiffs allege, and even if class members relied on information that an accurate disclosure would have shown not to be true, the *named* plaintiffs did not so rely. This order denies class certification because the named plaintiffs' claims are not typical and the named plaintiffs are not adequate class representatives.

### I

The named plaintiffs Margaret Lamb and Eileen M. Buser each bought a "TurboBooster" child car seat that was designed, manufactured, and distributed by the defendant Graco Children's Products Inc. ("Graco"). The car seats performed without incident. But the plaintiffs say they suffered economic injury because the seats did not comply with federal safety standards and were worth less than the plaintiffs paid for them. The plaintiffs say they were unable to continue using the seats or to sell them. The record shows that each named plaintiff was at or near the end of her intended usage, had no plans to sell the seat, and did not buy a replacement seat. *See* ECF No. 51–6 at 14–15, 27.

The plaintiffs say the TurboBooster's principal design defect was this. The seat had armrests. Each was held in place by a retention screw. But the plastic screw "boss" was too thin for the screw to "bite" into, thus allowing the armrest to change positions or separate from the seat's base in a crash. The plaintiffs say Graco sold the defective seats from June 2002 through late 2007 or early 2008. At that point a design change—a thicker "boss"—corrected the problem. When this order refers to the TurboBooster, it ordinarily means the TurboBooster as it existed before the design change.

The plaintiffs filed this action against Graco and a related company, Newell Rubbermaid, Inc. The plaintiffs assert claims for breach of express warranty and fraudulent concealment. The express-warranty claim has been dismissed for failure to give timely notice as required by Florida law.

The plaintiffs have moved to certify a class of all Florida residents who bought a TurboBooster before the design change. The defendants have moved for summary judgment. The motions have been orally argued.

### II

In most cases, class certification should be addressed before summary judgment. Picking off named plaintiffs on grounds unique to them is properly discouraged. Still, a defect in a claim that is unique to a named plaintiff sometimes renders the claim atypical and renders the named plaintiff an inadequate class representative. And good case management sometimes calls for addressing the merits of a named plaintiff's claims before class certification. The named plaintiffs acknowledged at oral argument that it is appropriate in this case to address summary judgment before class certification. The defendants did not disagree.

### III

A party who moves for summary judgment must show "that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Graco is entitled to summary judgment against the named plaintiffs on two grounds. Each would be sufficient standing alone.

### A

■ Child car seats must comply with Federal Motor Vehicle Safety Standard 213. Graco conducted or commissioned multiple tests on the TurboBooster to assess compliance. The TurboBooster passed every test conducted under the Standard 213 parameters. The TurboBooster did not pass other tests—also labeled "compliance" tests by Graco personnel—but those tests were not conducted under the Standard 213 parameters. Thus, for example, Graco conducted tests at extreme temperatures and using dummies much larger than required by the governing parameters. That the TurboBooster failed those tests did not mean the seat was out of compliance with Standard 213.

The plaintiffs' theory of recovery is that Graco fraudulently concealed the failed tests. There are good grounds to question the theory. It is not at all clear that a manufacturer has a duty to disclose the results of tests that were not required and do not show a lack of compliance with the governing standards. The plaintiffs say these tests *do* show lack of compliance with the governing standards, but they have not presented evidence that would support such a finding.

More importantly, this is a fraud case. The issue is not whether the product failed to comply with federal standards, but whether Graco knew it failed to comply and willfully withheld that information. *See Butler v. Yusem,* 44 So.3d 102, 105 (Fla.2010) (providing the "four elements of fraudulent misrepresentation: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation") (internal quotation marks and citation omitted). Graco's position that the TurboBooster complied with federal standards was reasonable under the circumstances. There is no evidence that Graco *fraudulently* asserted the contrary.

### B

■ The TurboBooster is sold in a box and requires some assembly. Among the required steps is installation of the retention screws now at issue. At least as shown by this record, the named plaintiffs did not install their retention screws at all. *See* ECF No. 51-6 at 12–13, 26–27. It thus would not have mattered whether the screw boss was too thin or too thick or just right. A test showing that the screw boss was too thin, and that the screw could fail to hold an armrest in place, could hardly make a difference to a user who chose not to install the screw at all.

To make out a claim for fraudulent concealment of the tests allegedly showing that the screw assembly was defective, the named plaintiffs would have to show that they relied on the truth of information that an accurate disclosure would have shown false—that is, that they relied on the integrity of the screw assembly. But the named plaintiffs could hardly have relied on the integrity of a mechanism they chose not to employ at all. The named plaintiffs did not rely on any representation that the screws would hold.

### C

For the reasons set out above, Graco is entitled to summary judgment against the named plaintiffs. This ruling makes it unnecessary to address the defendants' additional assertion—first clearly articulated near the end of the oral argument—that the named plaintiffs bought their TurboBoosters *before* any failed compliance test, even on the plaintiffs' expert's characterization of compliance tests. It obviously is not fraud to fail to disclose a test that has not yet occurred.

## IV

 In certifying a class, a trial court must conduct a "rigorous analysis" that "consider[s] the merits of the case to the degree necessary to determine whether the requirements of [Federal] Rule [of Civil Procedure] 23 will be satisfied." *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11 th Cir.2009) (internal quotation marks and citations omitted); *see also Wal–Mart Stores, Inc. v. Dukes*, —— U.S. ——, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) ("Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped."). The factual record, as opposed to "sheer speculation," must demonstrate that each requirement of Rule 23 has been met. *Vega*, 564 F.3d at 1267. To certify a class, a court must find that the class meets the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir.1997).

### A

 The "burden of establishing each element of 23(a)" rests with the party who moves for class certification. *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 696 (S.D.Fla.2004) (citing *London v. Wal–Mart Stores, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003)). The Rule 23(a) requirements are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation." *Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1190 (11th Cir.2009) (citing *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187–88 (11th Cir.2003)). Here the plaintiffs have easily established numerosity and commonality, but their claim founders on typicality and adequacy of representation.

 This is so because the named plaintiffs did not install the retention screws. This renders their claims atypical and renders them inadequate representatives for class members who assembled and used the product as directed.

### B

The plaintiffs invoke Rule 23(b)(3). A class may be certified under Rule 23(b)(3) only when "questions of law or fact common to class members predominate over any questions affecting only individual members" and other requirements are met.

Here it is far from clear that common questions would predominate. Only with individual inspection and analysis could it be determined whether a class member bought a TurboBooster that predated the design change and whether a class member installed the retention screws or otherwise relied on information that full disclosures would have shown to be untrue.

But because class certification will be denied under Rule 23(a), and because summary judgment will be granted in any event, the 23(b)(3) issue need not be decided.

## V

For these reasons,

IT IS ORDERED:

1. The plaintiffs' motion for class certification, ECF No. 45, is DENIED.

2. The defendants' summary-judgment motion, ECF No. 49, is GRANTED. The clerk must enter a judgment stating, "All claims of the named plaintiffs Margaret Lamb and Eileen M. Buser against the defendants Graco Children's Products Inc. and Newell Rubbermaid, Inc. are dismissed with prejudice."

3. The clerk must close the file.