[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-14777

_____

CHICO S.S. MOSS,
a.k.a. Shawn Moss,
KI.M.ET LTDA,
a.k.a. The Prosyon Group,

                                        Plaintiffs-Appellees,

*versus*

AMERICAN PRIVATE EQUITY, LLC,
FREDDY A. RUSSIAN,

                                        Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cv-00587-SDM-JSS

_____

Before JORDAN, NEWSOM, Circuit Judges, and BURKE,* District Judge.

PER CURIAM:

Freddy Russian and American Private Equity appeal from the portions of a jury verdict finding them liable and awarding damages on fraud claims asserted by Chico Moss. Following oral argument and a review of the record, we affirm.[1]

The appellants contend that the fraud claims are barred by releases executed by Mr. Moss when the parties renegotiated their contractual relationship. We disagree for a number of reasons.

First, release is an affirmative defense which must be pled. *See* Fed. R. Civ. P. 8(c)(1); *Perry v. Merit Systems Protection Bd.*, 137 S. Ct. 1975, 1986 n.9 (2017). The magistrate judge denied without prejudice the appellants' motion for leave to add the defense of

---

* The Honorable Liles C. Burke, United States District Judge for the Northern District of Alabama, sitting by designation.

[1] We assume the parties' familiarity with the facts and procedural history and set out only what is necessary to explain our decision. As to issues not discussed, we summarily affirm.

release, and the appellants never appealed that non-dispositive ruling to the district court. That constitutes waiver. *See* Fed. R. Civ. P. 72(a); *Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1365 (11th Cir. 2007). Moreover, although the denial was without prejudice, the appellants never filed a renewed motion identifying good cause for leave to amend.

Second, we do not agree with the appellants that the effect of the releases was tried by implied consent. *See* Fed. R. Civ. P. 15(b)(2). On this record, we conclude that Mr. Moss would have been prejudiced because he had no notice of the releases being a separate and potentially case-dispositive issue and because he could have offered additional evidence or arguments on the releases. *See Doe #6 v. Miami-Dade County*, 974 F.3d 1333, 1339 (11th Cir. 2020). We also do not believe that the question asked of Mr. Moss about one of the releases resulted in implied consent because the releases—which were admitted into evidence—were relevant to Mr. Moss' fraud in the inducement claim. *See Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1487 (11th Cir. 1987).

Third, the jury was not instructed on the releases, and was not asked to make any findings about the validity, applicability, or scope of the releases. In order to do as the appellants ask, we would have to determine the effect of the releases as a matter of law without any attendant instructions or findings. We decline to undertake such a review.

4                    Opinion of the Court                    19-14777

The appellants also challenge the sufficiency of the evidence to support the jury's fraud verdicts and the award of punitive damages. Given the deferential standard we apply when reviewing jury verdicts, *see Mamani v. Sánchez Bustamante*, 968 F.3d 1216, 1230 (11th Cir. 2020), we find no basis for setting aside the verdicts here.[2]

AFFIRMED.

---

[2] We add one more thing. The appellants contend, in part, that Mr. Moss did not show that his reliance was reasonable. *See* Russian Corrected Initial Br. at 36. But under Florida law, which governs, justifiable reliance is not required for a fraud claim. *See Butler v. Yusem*, 44 So.3d 102, 105 (Fla. 2010).